Skinner *et al. vs.* Allen, Preer & Ilges.

---

W. R. SKINNER *et al.*, plaintiffs in error, *vs.* ALLEN, PREER & ILGES, defendants in error.

The evidence being conflicting and the Judge trying the case having refused a new trial, this Court will not interfere, as there is sufficient evidence to support the verdict.

New trial. Before Judge JAMES JOHNSON. Muscogee Superior Court. November Term, 1872.

Allen, Preer & Ilges, brought assumpsit against W. R. Skinner and L. Skinner, upon the following account:

W. R. SKINNER and L. SKINNER,

1869.                    In account with ALLEN, PREER & ILGES :

| | | | | | |
|---|---|---|---|---|---|
| June 18th. | To discount your note (draft) due 18th October, | | | | $434 00 |
| July 8th. | " | " | " | " " 1st November, | 108 60 |
| July 19th. | " | " | " | " " 1st November, | 342 29 |
| October 22d. | Paid your bill with Preer & Ilges..................... | | | | 217 86 |

$1,102 72

Cr.

October 27th.   By cash through Mr. C. Gachet, to pay your drafts, dated June 18th, and July 19th........................   777 29

$326 43

The defendants pleaded the general issue, set-off and payment. The evidence as to whether the account had been paid was conflicting in the extreme. The plaintiffs made out a *prima facie* case by swearing to its correctness. A draft was presented to Mr. Allen by defendants, dated June 10th, 1869,

signed by W. R. Skinner and L. Skinner, addressed to the plaintiffs, payable four months after date, for $325 50. Upon this paper the entire controversy turned. Mr. Allen testified that it was sent to plaintiffs by W. R. Skinner, as collateral security for the payment of goods to be furnished defendants; that the goods were sent and are embraced in the account against Mrs. L. Skinner, dated July 30th, 1869, for $217 83, in favor of Preer, Ilges & Company, which was paid by plaintiffs; that he cannot tell how this draft came into the possession of the defendant. On the other hand, W. R. Skinner testified positively that this draft was sent to the plaintiffs and they were to return goods, but that the goods embraced in the bill to Preer & Ilges, referred to in the account sued on, are all that were ever received by defendants; that he paid this draft to Mr. Allen himself; that the balance of his indebtedness was paid by Mr. Gachet; that there is now nothing due to the plaintiffs. Other testimony was introduced unnecessary to be set forth.

The jury found for the plaintiffs. The defendants moved for a new trial because the verdict was contrary to the evidence. The motion was overruled and the defendants excepted.

PEABODY & BRANNON, for plaintiffs in error.

INGRAM & CRAWFORD, for defendants.

TRIPPE, Judge.

The draft, which was the matter of contest, was drawn by the husband and wife since the Act of December, 1866. It did not appear that the wife executed the paper as security for her husband, or that it was drawn to pay his debts. In fact it appeared that she was the beneficiary of some of the transactions of which this draft formed a part. The wife should be protected against any control or power that the husband may wrongfully exercise over her that involves her.

separate estate, especially if known to the creditor. But nothing of this sort is charged in this case.

The evidence was conflicting on the question of payment. There was testimony to support the verdict had it been either for plaintiffs or defendants. The jury has passed upon it, and the Judge trying the case refused to interfere, and though the testimony of the defendant himself is somewhat more positive in its terms than that of plaintiff, yet, upon the whole, we do not feel constrained to set the verdict aside.

Judgment affirmed.