' McCay, Judge.
1. There is really but one point in this case. The admission of the statements of the two minor local agents of the company, even if not authorized by law, was immaterial, as the case is, in our judgment, with the defendant below, even on the evidence of -the plaintiff. Nor were these statements improperly admitted. They were a part of the negotiations and communications between Mrs. Duffey and the principal authorized superintendent, and- the whole transaction could not have been fairly before the Court with these statements left out. They were re-, ferred to in the talk between the superintendent and Mrs. Duffey’s agent, and are fairly a part of the res gestae. They' are, besides, very unimportant, since they *are, in the main, only appeals to her, based on facts and consequences known to all, and only show what all the other testimony shows, that Mrs. Duffey acted on the idea that she was releasing her son.
2. The main point in the case, is whether, according to the evidence, the making of this deed, was an act coming within that section of our Revised Code, section 2999, which provides,, that “whilst a party injured may lawfully receive pay for the damage he has received from a crime, and may make a contract therefor, yet if any attempt is made to satisfy the public offense *268 or to suppress a prosecution therefor, it vitiates the entire agreement” Jeff. Duffey was under arrest, was in Atlanta, brpught back from Texas under a requisition from the Governor, and was in chains; such is the testimony. If he was under legal arrest, then it is clear to us, and the idea is fairly supported by the authorities, that the agreement to release him, to stop the then proceedings, was within the statute: Section 2999 of the Code. Indeed, we do not see how the parties could agree to any thing else that would gd to satisfy the public offense. They could not prevent a new proceeding; anybody could sue out the warrant, if he had the evidence, and if the custody of Jeff, was legal, the agent of the express company agreed to do more than ne could have done if the officers of the law had done their duty. If the agreement to release a man under arrest and stop' that proceeding'is not an attempt to suppress a prosecution, we are at a loss to put a state of facts that does make a case within che rule. If this arrest was illegal, if the agents of the express company had this boy in their own custody, and could let him go or not at their pleasure, then this deed was the clear result of duress, since it was made to release the child of the grantor from illegal imprisonment. A man’s child stands, under the law, in the same situation as himself in such cases.
Altogether we think this deed void in every aspect of the evidence, and we affirm the judgment.
Judgment affirmed.