W. C. GODWIN *et al.*, plaintiffs in error, *vs.* E. W. CROWELL, agent, defendant in error.

(BLECKLEY, Judge, was providentially prevented from presiding in this case.)

Where the agent of an insurance company, who had collected money belonging to his principal, for which he failed to account, in order to prevent a criminal prosecution for such breach of trust, gave his promissory note, with security therefor, the note cannot be collected. *Aliter*, if given for the purpose of securing the debt to the principal, and not with a view to setting the criminal prosecution.

Contracts. Consideration. Before Judge CLARK. Sumter Superior Court. October Adjourned Term, 1875.

Reported in the decision.

C. F. CRISP; B. P. HOLLIS; ALLEN FORT, for plaintiffs in error.

GUERRY & SON, for defendant.

WARNER, Chief Justice.

The plaintiff brought his action against the defendants on a promissory note for $334 80. The defendants pleaded that the note was given to settle and prevent a criminal prosecu-

Godwin *et al. vs.* Crowell.

tion against Godwin, who was the principal maker of the note. On the trial of the case, the jury, under the charge of the court, found a verdict in favor of the plaintiff. The defendants made a motion for a new trial on the several grounds therein set forth, which was overruled by the court, and defendants excepted.

It appears from the evidence in the record, that Godwin was the agent of the Imperial Fire Insurance Company, at Americus, of which the plaintiff is now the resident manager; that he had, as such agent, collected the amount for which the note was given for said company in the way of premiums; that in the winter of 1871 the plaintiff demanded of him, by letter, said sum of money so due, and that he failed to pay it, and the books of the plaintiff were taken out of his hands. A few days before the note was given, Hancock, the agent of the plaintiff, told Godwin that he would give him a short time to pay what he owed the company, or give him a note, with good security, for the payment thereof, and if he failed to pay it, he, the agent, would prosecute him on the criminal side of the court; that if he paid said money, or gave said note, the company would not prosecute him; that his intention in giving said note was to keep from being prosecuted, and he was not prosecuted after giving the note. The amount of the note is the same amount demanded of him by the company. The court charged the jury, amongst other things, "The fact that the agent of the company threatened Godwin with a criminal prosecution does not discharge the defendant, Godwin, nor his securities, provided Godwin owed the company the amount of the note. If the consideration of the note was the compromising or settling a criminal prosecution, and Godwin did not owe the debt, the plaintiff cannot recover; but if he did owe the debt, and this note was given to secure its payment, he is entitled to recover, whether he was threatened with a criminal prosecution or not, or whether he agreed to settle the prosecution or not." This charge of the court, in view of the evidence in the record, was error. The question for the jury to decide was whether the note was

given for what Godwin owed the company, or whether it was given to settle the criminal prosecution with which he was threatened under the penal laws of the state : Code, sections 3054, 3055. If the note was given for what Godwin owed the company, then the plaintiff was entitled to recover. If the note was given to suppress a criminal prosecution amounting to a felony under the penal laws of the state, then the plaintiff was not entitled to recover, and the court should have so charged the jury. The charge, as given, was calculated to confuse and mislead the jury as to the real issue involved on the trial of the case.

Let the judgment of the court below be reversed.