WHEATON vs. ANSLEY.

1. Where an agent of a guano company had collected money for them, and failed to return it, and another agent of the company demanded the amount, and threatened a prosecution unless it was secured, and a mortgage was given to secure the amount:

*Held*, that if the mortgage was given to settle or suppress the criminal prosecution, it could not be collected. If given, not for such purpose, but to secure what the defaulting agent owed his principal, it could be collected.

2. When a plea is amended in substance, a party who is surprised thereby may continue the case and charge the continuance to the other party who made the amendment. Ordinarily the filing of an amendment at the trial term would not prejudice the plaintiff's case, but under the special facts of this case, the date of filing the amendment might be considered by the jury.

September 25, 1883.

Contracts. Debtor and Creditor. Charge of Court. Practice in Superior Court. Before Judge RONEY. Lee Superior Court. March Term, 1883.

Wheaton proceeded to foreclose a mortgage against Ansley at the March Term, 1882, of Lee superior court. The defendant pleaded the general issue. The case came on for trial at the March term, 1883, and defendant amended his plea by alleging, in brief, as follows : Defendant was the agent of plaintiff to sell guano; he charged defendant with having collected and appropriated to his own use the amount stated in the mortgage, and threatened to prosecute him therefor; and thus induced the giving of this mortgage.

On the trial, plaintiff introduced the mortgage and note, and closed. Defendant testified, in brief, as follows : He did not owe plaintiff anything; was agent for plaintiff to sell fertilizers and collect debts for two years. When another agent of plaintiff called on him for a settlement, he was not prepared, not having collected all the debts for which he had sold guano; he had collected some, and some he had not; he had used money collected, but ex-

pected that when he had completed his collections his commissions would equal the amount he had used. The agent at that time threatened to have him arrested, or rather, said to him that he had subjected himself to a criminal prosecution. He did not settle at that time with the agent; he wanted to deduct his commission on all that he had sold. The agent of plaintiff refused, and stated that he was not entitled to commission until all the guano sold had been paid for. . After this failure to settle, Mr. Dodson, attorney for plaintiff, called defendant into his office in order to have the matter of his agency settled. Defendant was still acting on the fear of the threat previously made, and he settled the matter with Mr. Dodson and gave him the note and mortgage in controversy. This was some little time after he had refused to settle the matter with the agent of the plaintiff. Did not remember the time elapsing between his refusal to settle with agent of plaintiff and the time he gave said note and mortage to Mr. Dodson. If he had been permitted to collect all the notes, his commission would have been more than the amount of money used. He was not permitted to collect all the notes; they were taken from him by agent of plaintiff. He thought the men to whom he sold the guano solvent, and acted in good faith in the sale of the same. He did owe the plaintiff at the time of giving the note and mortgage the amount specified in same; he had collected the same from different parties; the money he collected was for guano sold by him as agent for plaintiff. Under the terms of the contract made with plaintiff, he was not entitled to any commission for selling until a full settlement. He was bound to make good his sales to the extent of his commission. He made the settlement with Mr. Dodson, and not the agent. The amount for which he gave his note was for money collected for the two years of his agency. The guano claims were due 1st of October. He recommended Mr. Dodson as a proper attorney to turn over said guano claims to.

Plaintiff introduced James Dodson, Esq., who testified that

he wrote the note and mortgage given by defendant to plaintiff; that the agent was not present at the time the note and mortgage were given; that nothing unpleasant was said; that he did not threaten to have defendant arrested, nor did he make any threats; that it was a plain, simple settlement; that defendant admitted having used the money, and being unable at that time to pay it, he gave his note for the amount specified therein; that, as witness gave him time for the payment of said amount for more than twelve months, he secured the payment by giving the mortgage; that defendant had said to the agent of plaintiff that he had not collected certain notes which witness found out he had collected; witness announced this fact to the agent of plaintiff, and this was the first time the agent knew of the collection of the same. After finding out this fact, witness called upon defendant to know the truth of the matter, when defendant admitted that he had collected them, and in settlement of same gave his note and mortgage, being the note and mortgage now sought to be foreclosed. Witness heard nothing of what passed between defendant and agent of plaintiff, in testimony of defendant referred to.

The jury found for defendant.

Plaintiff moved for a new trial, on the following among other grounds:

(1.) Because the verdict was contrary to law and evidence.

(2.) Because the court made the following statement in the presence of the jury. [The record says, "of the court"]: " Something has been said in the argument about the amended plea of the defendant not having been filed until this morning. That has nothing to do with the case, and you are not to consider it. The defendant had until the case was closed to file his pleas under the law."

The motion was overruled, and plaintiff excepted.

J. Dodson; Hinton & Mathews, for plaintiff in error.

E. G. SIMMONS, for defendant.

JACKSON, Chief Justice.

1. The law of this case is ruled in the case of *Goodwin et al. vs. E. W. Crowell, agent.*\* That was a suit on a promissory note, and the defence was that it was given to settle a criminal prosecution, where Godwin as agent had collected the amount for which the note was given for a fire insurance company in premiums, demand was made for the money and he failed to pay it, and the books of the company were taken out of his hands. A few days before the note was given, the agent of the plaintiff told Godwin that he would give him a short time to pay or give his note for what he owed, and if he failed he, the agent, would prosecute him on the criminal side of the court. The note was given, and he was not prosecuted. On this defence, this court held that " the question for the jury to decide was whether the note was given for what Godwin owed the company, or whether it was given to settle the criminal prosecution with which he was threatened under the penal laws of this state. If the note was given for what Godwin owed the company, then the plaintiff was entitled to recover. If the note was given to suppress a criminal prosecution amounting to a felony under the penal laws of the state, then the plaintiff was not entitled to recover."

In the case at bar the defendant was agent for a guano company, had collected money for them, another agent of the company demanded it, and threatened to prosecute him unless he secured it, and this he did by giving the mortgage sued on, under the fear of this threatened prosecution, to the attorney of the company. This is substantially the defendant's version of the transaction, with the additional somewhat confused statement that he did not owe the money, but it was due him as commissions. The agent whom he charged with the threats was not sworn,

so that the defendant was not contradicted. The attorney who took the mortgage swore that he did not threaten him, but that did not show that the agent had not done so.

The law, as ruled in 56 *Ga.*, 566, was given in charge in substance, almost in the language of this court, in that case, and cannot be error, if that be law. It is supported as law by 48 *Ga.*, 361; 39 *Ib.*, 85; 50 *Ib.*, 155 and 62 *Ib.*, 154; and by the Code, sections 3054 and 3055.

The jury had a right to believe the version of defendant. Indeed, that of the attorney does not directly gainsay it. In so far as defendant claimed that his commissions were due, this case is stronger than that in the 56th.

2. There was no error, as a principle of law, in the statement to the jury that the amended plea was properly in and that its being filed at the term of the trial, when it might have been one term before, should not ordinarily prejudice the defendant's case, especially as no motion was made to continue on account of surprise at the amended plea. When a plea is amended in substance and a party is surprised, he may continue and charge the continuance to the other party who made the amendment. But we cannot go to the extent of the judge, that the date of the filing had nothing to do with the case. The time when the agent made the threat to prosecute does not appear. It may have been so long before the date when he gave the mortgage to counsel voluntarily, as to show that he was not acting under those fears; and if a long time before, the jury might well consider the delay in filing this defence as evidence that the whole plea and defence was an afterthought.

The court should have allowed the jury to consider the delay to file the plea as a circumstance to be weighed by them, and should not have said that it had nothing to do with the case.

Judgment reversed.