### 2720.  LUCAS *v.* CASTELOW.

1. The only question involved, in the trial court, was whether the note was given for what the defendant owed the plaintiff, or to settle a criminal prosecution. The issue thus raised was one purely of fact, and as the evidence was sufficient to support the verdict, the judge of the superior court did not err in dismissing the certiorari.
2. If the maker of the note owed the payee nothing, and it was given f no other purpose than to suppress a criminal prosecution against hi it was void for want of consideration, whether he was innocent or guil

DECIDED FEBRUARY 15, 1911.

Certiorari; from Dooly superior court—Judge Whipple. N 17, 1910.

*Busbee & Busbee,* for plaintiff.

RUSSELL, J.   Lucas foreclosed a mortgage which had been made
to him by Castelow.   Castelow interposed an affidavit of illegality
to the foreclosure, in which he set up that the only consideration for
the mortgage was illegal, for the reason that he was not indebted
to Lucas at the time he executed it, but gave the note and mortgage
to suppress a criminal prosecution; that he gave them at the time
of his arrest upon a warrant sworn out by Lucas, charging him with
the offense of misdemeanor, in connection with a claim that Lucas
had made against him, Lucas telling him that if he failed to execute
the same he would be compelled to go to jail and would not be al-
lowed to give bond for his appearance; that part of the consider-
ation of the note and mortgage was costs of the officers for issuing
the warrant for his arrest; that he is not indebted to Lucas and has
not been indebted to him, and that the note and mortgage were
given simply for the purpose of obtaining his release from the
custody of the officers and to keep out of jail, and for the suppres-
sion of prosecution against him under said warrant.   Upon the
trial of the case there was testimony both to the effect that Castelow
was justly indebted to Lucas and that he was in no wise indebted
to him and never had been, and the defendant testified in accord-
ance with the allegations of his affidavit of illegality.   In addition
to this the defendant put in evidence a possessory warrant, and a
warrant charging him with the offence of misdemeanor, which had
been sworn out by Lucas.   Both the possessory warrant and the
criminal warrant were sworn out on August 29, and were followed
by the mortgage on September 2.   Upon the trial in the justice's
court the defendant moved to strike the affidavit of illegality, upon
the ground that it did not state that the defendant was guilty of any
crime at the time of the execution of the mortgage, or state what
kind of crime was suppressed by the execution of the mortgage.
The record itself does not disclose what ruling, if any, was made
upon the motion to strike, but in our view of the case it could very
properly have been overruled, because the statements contained in
the affidavit of illegality were sufficient to charge that the note was
executed under duress, and certainly disclosed that it was without
consideration.   Duress which will void a contract, as defined by sec-
tion 3670 of the Civil Code of 1895, may result either from im-
prisonment or from threats or other arts by which the free will of
the party is restrained and his consent induced.   Legal imprison-

ment, if used for illegal purposes, may amount to duress. There-
fore there is no merit in the ground that the defendant did not
state in his affidavit of illegality what crime had been committed,
or that he was guilty of any crime. Pleadings in a justice's court
are not required to be as ample or as technical as in the superior
courts; and for that reason we think the affidavit of illegality in
this case was sufficient to present the issue as to whether the note
was given for a valid consideration or merely to avoid imprison-
ment in jail and prosecution under the criminal warrant which ap-
pears in the record. The evidence was sufficient to authorize the
finding which the jury returned in favor of the defendant, and
therefore the judge of the superior court did not err in dismissing
the certiorari. No question of law was involved, if we are correct
in the opinion that the defendant could set up the defense which by
his affidavit of illegality he attempted to assert.

. That the judge was correct in taking this view of the case is sup-
ported by the ruling of the Supreme Court in *Wheaton v. Ansley,*
·71 *Ga.* 35, a very similar case, in which it was held, "If the mort-
gage was given to settle or suppress the criminal prosecution, it
could not be collected. If given not for such purpose, but to secure
what the defaulting agent owed his principal, it could be collected."
The ruling in the *Wheaton* case is based upon a long line of prior
adjudications, and the court refers especially to the case of *Godwin
v. Crowell,* 56 *Ga.* 566, in which it was held that "the question for,
the jury to decide was whether the note was given for what Godwin
owed the company, or whether it was given to settle the prosecution
with which he was threatened under the penal laws of the State."
The same principle is announced in *Southern Express Co. v. Duffey,*
48 *Ga.* 358, *Chandler v. Johnson,* 39 *Ga.* 85, *Stancel v. State,* 50
*Ga.* 155, *Loudon v. Coleman,* 62 *Ga.* 154. It is true that in several
of these cases the point directly involved was that the consideration
of the note in question was the compounding of a felony, and there-
fore illegal. But even though the offence with which the defendant
,in this case was charged was a misdemeanor, according to his state-
ment he was under arrest (whether upon the criminal warrant and
the possessory warrant both, or only upon one of them, does not ap-
pear), and he was told by the bailiff that he could not give bond,
but would have to go to jail, and that the warrant was for the
shingle-mill which he had sold; and the plaintiff told him that if

he would execute the note and mortgage he would be released. The defendant testified that it was only to stop the prosecution and obtain his release that he signed the mortgage, that he did not really owe the plaintiff a cent. Evidently the jury believed this was the truth of the case; and if the jury thought the facts stated were sufficient to restrain the defendant's free will and induce his consent, then they were authorized to find that he signed the mortgage under duress. The note and mortgage were void if induced by duress, even though the defendant owed the plaintiff; and were altogether void if the defendant actually owed the plaintiff nothing and merely acknowledged the indebtedness in order to suppress the criminal prosecution. In either view of the case, the verdict is amply supported by the evidence.

Counsel for the plaintiff in error cites the ruling in *Graham* v. *Marks*, 98 *Ga.* 67 (25 S. E. 931), in which it was held that "A plea attempting to allege that a promissory note was given, in whole or in part, for the purpose of settling a threatened prosecution for a criminal offense, is not legally complete unless it alleges facts showing that the person to be prosecuted was charged with having committed an act or acts constituting a crime or misdemeanor." As we have already stated, it does not appear from the petition for certiorari how the magistrate ruled upon the demurrer presenting this point. In the petition for certiorari no exception is taken to a ruling thereon, nor is the point referred to in the petition. Therefore the question was not before the trial judge in such a form as that he could deal with it. But as we stated above, the affidavit of illegality was sufficient to raise the defense that the note was executed under duress, and the evidence authorized the jury to find that it was so executed. Furthermore, even if the warrant which was sworn out against the defendant, and which merely charged him with being guilty of a misdemeanor, was fatally defective, it does not follow from that that the note was not given to suppress the prosecution and prevent the swearing out of another warrant technically correct. If the maker of the note owed the payee nothing, and the note was given for no other purpose than to suppress a prosecution, it was void for want of consideration, whether the maker was innocent or guilty of the crime with which he was charged.                                      *Judgment affirmed.*