### .4239.   CROMER *v.* EVETT.

Where a father, while his son was under arrest on the charge of cheating
and swindling in the purchase of a mule, was induced by the seller
to sign, as joint maker with the son, a promissory note for the pur-
chase-price of the mule, the inducement being an agreement by the
seller that if the father would sign the note he would withdraw the
warrant under which the arrest had been made and release the son from
arrest and stop the prosecution, the conduct of the payee of the note in
thus inducing the father to sign it was both illegal and immoral, and
constituted a valid defense on the part of the father to the payee's suit
on the note.

DECIDED OCTOBER 9, 1912.

Certiorari; from Walker superior court—Judge Maddox. April
17, 1912.

Suit in a justice's court was brought against C. C. Cromer on a
note made by him and Will Cromer jointly, and payable to Evett,
the plaintiff. The trial resulted in a verdict against the defendant.
A certiorari sued out by him was overruled, and final judgment
was entered against him, and he excepted. The single issue in the
case was whether the note was a binding contract, the defense
being that the defendant signed the note under duress and for the

purpose of settling a criminal prosecution against his son. The evidence as to this issue was undisputed, and was in substance as follows: The note was for the purchase-price of a mule sold by Evett, the plaintiff, to Will Cromer, the son. The defendant told Evett that he "need not sell his son the mule thinking he would go on the note with him, for he would not do it." Subsequently Evett had Will Cromer arrested for obtaining goods under false pretenses. It does not distinctly appear what was the false pretense which formed the basis of the criminal charge against the son, but it is fairly inferable from the evidence that it was a statement made to Evett by Will Cromer that his father would sign with him the note for the mule, and that by this false pretense the mule was obtained. The son was arrested under a warrant for this offense, and, while he was under arrest, Evett told the father that if he would sign the note with his son, he (Evett) would withdraw the warrant and release the son. The defendant testified: "I signed the note for that reason, and stopped the prosecution." It was admitted, on the hearing of the certiorari, that the evidence before the justice showed credits on the note, amounting to $18, which were made before the suit was brought, but it does not appear whether these payments were made by the son or the father.

*John W. Bale, D. F. Pope,* for plaintiff in error.

*James E. Rosser,* contra.

HILL, C. J. (After stating the foregoing facts.) It was insisted by the defendant in error that the consideration for the note was the purchase of the mule, and not duress or the settlement of a criminal prosecution; and that, even if the signature to the note was obtained by an illegal consideration in the first instance, the payments thereon were a substantial ratification, and made it a valid and binding contract upon both makers. We may dispose of these two contentions by the statement that as to the son the consideration of the note was clearly the mule; for the evidence is undisputed that he, and not his father, bought the mule from the plaintiff. But the evidence is also clear and undisputed that the only reason why the father signed the note was the promise made by the plaintiff that if he would do so, the plaintiff would dismiss the warrant, by virtue of which his son was then under arrest, and would stop the prosecution. According to the evidence, this prom-

ise and agreement was clearly the only consideration which moved the father to sign the note with his son. It does not appear whether the father or the son entered the credits on the note, and the burden was on the plaintiff to show, in support of his claim of ratification by the father, that the payments were made by the father, and not by the son.

As to the main contention of the plaintiff in error, that this note was obtained under duress and for the purpose of settling a criminal prosecution against his son, there is no issue; for the evidence is undisputed that before the purchase of the mule he refused to sign the note with his son, and only consented to do so when the son was actually under arrest for a criminal offense, and on the express promise of the payee that, in consideration of his signing the note, he would withdraw the warrant and release the son and stop the prosecution. In *Jones* v. *Dannenberg,* 112 *Ga.* 426 (37 S. E. 729, 52 L. R. A. 271), it is held that "it is both an illegal and an immoral act to make an agreement for a consideration to suppress the prosecution of a criminal offense, whether the offense be of the grade of felony or misdemeanor; and the fact that a note and mortgage were executed by a wife and delivered to the payee of the note on consideration that he would cease to prosecute, and would settle a criminal offense for the commission of which the husband was at the time under arrest on a warrant sued out by such payee, may be pleaded and proved as a defense to the foreclosure of the mortgage so given, even in the hands of one who is the bona fide holder of such note for value, before due, and without notice." See, also, the decision of this court in *Lucas* v. *Castelow,* 8 *Ga. App.* 812 (70 S. E. 184). In the present case the suit is not by an innocent holder, for value, but by the original payee of the note, whose illegal and immoral act in procuring the note to be signed is set up as a defense. In the Penal Code (1910), § 329, it is declared that "If any person, informing or prosecuting under pretense of any penal law, shall compound with the offender, or direct the suit or information to be discontinued, unless it be by leave of the court where the same is pending, he shall be guilty of a misdemeanor."

It was insisted by learned counsel for the defendant in error that there was no proof of the allegation in this case that the prosecution was illegal, and that the burden was on the plaintiff to

show it, as under section 4255 of the Civil Code (1910), "legal imprisonment, if not used for illegal purposes, is not duress." Unquestionably this is true, but in this case, assuming that the arrest of the defendant's son was legal, it was clearly used for an illegal purpose when used for the express purpose of coercing the father to sign the note in order to have the son released from arrest and to stop the prosecution. Whether the arrest was legal or illegal is immaterial, as it was used for an illegal purpose. Penal Code (1910), § 329; *Deen* v. *Williams*, 128 *Ga.* 265 (57 S. E. 427). We conclude that the learned judge of the superior court erred in overruling and dismissing the certiorari, and entering up final judgment against the plaintiff.  *Judgment reversed.*