### 4203.   Cook v. Hightower & Son.

### 4204.   Cook v. Hightower & Co.

HILL, C. J. The pleas in these cases contain the defenses: (1) that the notes sued on were obtained from the defendant by duress and threats, and to settle a criminal prosecution against her husband, and were not her contract; (2) that the notes were made to pay her husband's debt, and were therefore void. In each case the trial judge, on oral motion, struck the first plea, and the case went to trial on the issue made by the other plea. *Held:* (1) The pleas setting up duress and illegality of consideration, in avoidance of the notes, were sufficiently full and specific in their allegations, and the trial judge erred in striking them. *Whitt* v. *Blount,* 124 *Ga.* 671 (53 S. E. 205); *Lucas* v. *Castelow,* 8 *Ga. App.* 812-813 (70 S. E. 184). And see *Cromer* v. *Evett, ante,* 654. (2) As to the second defense, that the consideration of the notes was the payment of a debt of the defendant's husband, she being a married woman at the time, the facts were clearly in issue, under the evidence, and the trial judge erred in directing a verdict for the plaintiffs. The judgment overruling the motion of the defendant for a new trial must be reversed. Civil Code (1910), §§ 2993, 3007.   *Judgment reversed.*
DECIDED OCTOBER 9, 1912.

Complaint; from city court of Miller county—Judge Rambo presiding.   February 27, 1912.

The plea which the court struck made the following averments: T. E. Hightower, who is a member of the firm of T. E. Hightower & Company as well as a member of the firm of Hightower & Son, and plaintiff in this case, accused the defendant's husband of stealing a suit of clothes, and threatened to prosecute him unless she

42

gave the note sued on; and after said plaintiff had harassed her for more than two months by threatening to prosecute her husband for larceny, and telling her that if she gave the note sued on and others referred to in the answer, they would not prosecute him, in order to keep them from prosecuting him she signed the note sued on, but did so against her will and to prevent the plaintiff from prosecuting her husband for the larceny above stated, which they agreed not to do if she would give the note. The attorney for the plaintiffs, B. B. Bush, who witnessed the note sued on, knew that she was being forced to sign it against her will, and told her that if she did not sign it, "it would be bad trouble," and that "they would send her old man off to the chain-gang or break them up." If it had not been for the said threats and charges brought by the plaintiffs against her husband, she never would have signed said note, and she was coerced by them into signing it against her will. As soon as the plaintiffs got this note, along with the others referred to, they failed and refused to prosecute her husband, but accepted this note in settlement of the criminal prosecution, which was a misdemeanor. She did not owe them anything at the time she executed the note, and it was given by her, as previously stated, under duress, and to suppress a criminal prosecution against her husband.

*W. I. Geer,* for plaintiff in error, cited: Civil Code (1910), §§ 4116, 4255; 124 *Ga.* 671 (2, 3); 112 *Ga.* 426; 101 *Ga.* 84; 8 *Ga. App.* 812; 71 *Ga.* 35; 56 *Ga.* 566; 50 *Ga.* 155; 48 *Ga.* 358; 39 *Ga.* 85.

*Bush & Stapleton,* contra, cited: 135 *Ga.* 702; 122 *Ga.* 812; 1 *Ga. App.* 798; 55 *Ga.* 413 (4).