CONTINENTAL FERTILIZER CO. *v.* MADDEN *et al.*

1. There was no merit in the motion to dismiss the writ of error.

2. Where a money rule was brought against a sheriff, and while it was pending the movant transferred to another the mortgage fi. fa. under which the property had been sold, and such transferee, by order of court, was substituted as the movant, this did not render admissions made by the original movant prior to the transfer, when offered in evidence on the hearing of the rule by contestants for the fund, subject to objection on the ground that his admissions could not affect his transferee, and that he should be sworn as a witness.

3. Where a fund was raised by the sale of property under an execution based on the foreclosure of a mortgage signed by the defendants as a firm which (as well as its members) was conceded to be insolvent, and where, upon a money rule, such fund in the hands of the sheriff was claimed by other contestants who held executions based on mortgages on different parts of the property as that of the individuals claimed by the first-mentioned creditor to be members of the firm, and by creditors holding common-law executions against such individuals, and where the contestants denied the existence of the firm or that the property was firm property, such contesting creditors could attack the mortgage held by the movant on the ground that it was based on an illegal and immoral consideration, namely, the settlement of a prosecution for a felony, and therefore was not entitled to the fund.

(a) The pleadings set up this ground of attack, and it was admitted by all parties that the firm and its members were insolvent; and no objection was duly raised to the sufficiency of the pleadings.

(b) Even if the fund in court were to be conclusively treated as that of a firm, because arising from a sale under an execution against the firm, yet, as such firm and its members were insolvent, holders of liens against the partners could attack a mortgage against the firm, covering the same property, in order to obtain priority of payment of their claims.

4. The evidence was sufficient to sustain the finding that the note which the mortgagee joined in giving to the fertilizer company was given to suppress a criminal prosecution, and was not binding. If so, and there was no liability on such note by the mortgagee, the mortgage given as a part of the transaction was without legal consideration.

5. This being so, other grounds of attack on it, and rulings as to evidence bearing on them need not be dealt with.

6. The movant not being entitled to any part of the fund, and no other party excepting, the manner of its distribution among the other contestants and for the payment of the cost furnished no ground for a reversal.

7. None of the other errors assigned require a reversal.

MAY 15, 1913.

Money rule. Before Judge Daniel. Pike superior court. February 10, 1912.

J. J. Hudgins foreclosed against A. U. & J. C. Hudgins, as a firm, by affidavit, a mortgage on certain cotton raised on two

plantations. The execution was levied and the property sold. The plaintiff in fi. fa. brought a rule against the sheriff to require him to pay over the fund. After the rule was brought, J. J. Hudgins assigned the mortgage fi. fa. to the Continental Fertilizer Company, and an order was taken substituting it as the movant. Several other contestants for the fund intervened. One held an execution against J. C. Hudgins, based on the foreclosure of a mortgage on the crop raised on one of the plantations. Another held an execution against A. U. Hudgins, based on the foreclosure of a mortgage on the crop on the other plantation. A third had taken out an attachment against A. U. Hudgins, based on notes signed by A. U. & J. C. Hudgins, and caused the sheriff to be garnished. This creditor (a firm) also brought a common-law action on the notes against J. C. Hudgins. Pending the rule against the sheriff, the firm last mentioned obtained a judgment on the attachment against A. U. Hudgins, and a common-law judgment against J. C. Hudgins. Still another contestant held an execution against A. U. Hudgins, based on the foreclosure of a laborer's lien on a part of the crop which produced the fund.

The case was, by consent, submitted to the presiding judge without a jury. All parties conceded that certain taxes, a claim for rent, and the laborer's lien should be paid. The contestants attacked the execution of the movant on several grounds, among them, that there was no such firm and the property was not that of a firm, but of the individuals; that the only consideration of the note and mortgage under which the movant claimed the fund was to secure the mortgagee in signing a note to suppress a criminal prosecution against the mortgagors by the fertilizer company, to which company the fi. fa. based on an ex parte foreclosure of such mortgage was later transferred; and that the note given to it was based on an illegal and immoral consideration and created no legal liability on the part of the mortgagee.

The court held, among other things, that the note given by the mortgagors to the fertilizer company and signed or indorsed by the mortgagee (who afterwards transferred to the company the fi. fa. based on a summary foreclosure of the mortgage given to him) was based on an illegal and immoral consideration and was void; that the mortgage transferred by the mortgagee was antedated and constituted a legal fraud on other creditors; and that the

fund should be awarded to other claimants, making provision for the payment of costs and expenses of gathering the crop.

*Anderson, Felder, Rountree & Wilson,* for plaintiff.

*E. F. Dupree* and *E. M. Owen,* for defendants.

LUMPKIN, J. (After stating the foregoing facts.) The evidence was sufficient to warrant the finding that the mortgage under the foreclosure of which the fund arose was given as a part of an arrangement to suppress a criminal prosecution which had been begun by the transferee of it, and that it was not supported by a legal consideration. Penal Code, §§ 328, 329; Civil Code, § 4491; *Southern Express Co.* v. *Duffey,* 48 *Ga.* 358; *Godwin* v. *Crowell,* 56 *Ga.* 566; *Wheaton* v. *Ansley,* 71 *Ga.* 35; *Jones* v. *Dannenberg Co.,* 112 *Ga.* 426 (37 S. E. 729, 52 L. R. A. 271).

It was urged that where a fund is brought into court by a sale under an execution against a certain defendant, the fund is to be treated as his, whether the property sold was in fact his or not, as the purchasers bought subject to the doctrine of caveat emptor; and it was sought to apply that principle to an execution against a firm and contestants for the fund holding liens against the alleged partners. This argument seems to overlook three things by which it may be affected: that the alleged partners are not strangers to the firm and its funds and debts, and a firm debt is also a debt of the partners; that the alleged firm and its members being conceded to be insolvent, unless the lien creditors of the individuals can attack the claim asserted against the firm, they must fail to obtain any payment; and that on the trial of a money rule equitable principles may be invoked by pleading and evidence. Civil Code, § 5348.

The pleadings of the contestants set out their respective claims and attacked the mortgage under which the movant claimed. No point was raised on the trial as to the sufficiency of the allegations, but on the contrary the insolvency of the debtors was admitted.

The headnotes sufficiently state the rulings without further elaboration. *Judgment affirmed. All the Justices concur.*