### 4999.   COOK *v.* HIGHTOWER & CO.

1. The evidence adduced in support of the defendant's pleas, which were held sufficient by this court, would have authorized a verdict in her favor, but did not demand such a finding. The issue was one purely of fact; it was fairly presented by the trial judge, and the verdict is supported by evidence.

2. Even though the plaintiff, at the beginning of the transaction, made a contract with the defendant and her husband jointly, and took their joint note, and though her subsequent note, sued upon in the present case, may be a renewal of the former obligation, a recovery against her was authorized, because there was evidence that the husband acted as her agent and that she received the consideration of the note. To allow husband and wife to unite their joint credit in procuring the means of supplying the joint resources is not contrary to public policy; and the power of a wife to join her husband in contracting a debt exists, where the debt is not one assumed for the purpose of paying a debt of the husband or of becoming his surety.

3. The complaints as to expressions or intimations of opinion by the court upon the evidence, in charging the jury, are not well founded; and the instructions upon which error is assigned were pertinent to the evidence.

4. The trial court, in the absence of an appropriate and timely request to that effect, is not required to specifically instruct the jury as to which party carries the burden of proof on a particular point or issue. It is enough in such a case that the court correctly informs the jury upon which party lies the burden of proof in the case as a whole.

5. The court did not err in overruling the demurrer in which complaint is made that the allegations of the petition are insufficient to bind the defendant for the attorney's fees provided for in the note sued on. A notice by letter of a claim for such fees is sufficient, if the letter conveys such notice as is required by law and is timely received by the defendant. It is not necessary to state in the petition how the notice was served.

DECIDED AUGUST 25, 1913.

Complaint; from city court of Miller county—Judge Bush. March 14, 1913.

*B. W. Fortson, W. I. Geer,* for plaintiff in error.

*Bush & Stapleton,* contra.

RUSSELL, J. This is the second appearance of this case before this court. The issues are specifically set out in the statement of facts in *Cook* v. *Hightower,* 11 *Ga. App.* 657 (75 S. E. 1058).

1-2. On the trial now under review there was no effort to curtail the rights of the defendant in introducing testimony in support of the pleas, which were heretofore held to be proper and sufficient. The issue presented was purely one of fact. From the evidence adduced the jury might have found for the defendant, but they were authorized to find that the note which was the basis of the suit was not obtained by duress, and that Mrs. Zenie Cook, though a married woman, received the consideration of the note.

As was held by Judge Jackson in *King* v. *Thompson,* 59 *Ga.* 380, "Whether or not a married woman who signs a note with her husband is responsible out of her separate estate therefor turns upon the question whether she signed to raise money on her own account, or as surety, or to assume a debt of her husband. If the note was signed in regard to her own business conducted by her husband for her, she is bound; if as surety for him in his business, or to pay his debts, her separate estate is not bound." Judge Bleckley, in *Schofield* v. *Jones,* 85 *Ga.* 824 (11 S. E. 1034), puts the point more sententiously by saying, "the true test of the real debtor or debtors is, to whom did the consideration pass?" If the note here involved represents a valid debt at all, it is practically undisputed that it represents the purchase-price of a tract of land which is in the possession of Mrs. Cook and over which she has exercised

dominion for several years. It matters not that at the beginning of the transaction Hightower made a contract with Mrs. Cook and her husband jointly, and originally took their joint note for the money which he had advanced to pay for the land. In *Amos* v. *Cosby,* 74 *Ga.* 793, land had been set apart as a homestead to the husband as head of the family, consisting of his wife and minor children. The husband and the wife, by a joint deed, conveyed it with warranty of title. The purchaser sold it with warranty to a second purchaser, and afterward a lien superior to the homestead was enforced against it, causing a loss to the second purchaser of over $400. An action against the husband and the wife upon their warranty, to make good this loss, was sustained, although the wife set up her coverture in bar of the action. The court said: "Nor is Mrs. Amos relieved by reason of her being a married woman. She had the right to make the deed with her husband. There having been a homestead set apart to her husband, under the act of 1868, she was a usee, and was not a surety of her husband, and is equally bound with him." In *Reynolds* v. *Aycock,* 78 *Ga.* 556 (3 S. E. 657), an action on a joint note was defended by the wife and resulted in a judgment against her, which was upheld. In *Francis* v. *Dickel,* 68 *Ga.* 255, the suit was on an account against the husband and wife as partners. There was a recovery against the wife alone, the jury having found that there was no partnership.

That a debt can be created which in contemplation of law would be a debt of the wife as well as the debt of her husband has been frequently recognized by the Supreme Court. It is so recognized, as to joint notes, in *Mashburn* v. *Gouge,* 61 *Ga.* 513, in *Wingfield* v. *Rhea,* 73 *Ga.* 447, and in *Harrold* v. *Westbrook,* 78 *Ga.* 5 (2 S. E. 695). In the much earlier case of *Skinner* v. *Allen,* 49 *Ga.* 557, a verdict against the wife was upheld because it appeared that she was the beneficiary of some of the transactions of which the draft which was the basis of the suit formed a part. The fact that the transaction may have been carried on by the husband as agent for his wife would not affect the rule. This was held in *King* v. *Thompson,* supra. In *Schofield* v. *Jones,* supra, Chief Justice Bleckley said that the joining with the husband in contracting a debt is not an assumption by the wife of his debt, "for he has no debt existing to be assumed, and the debt created is her own from the beginning. Moreover, there is nothing contrary to public policy in allowing

husband and wife to unite their joint credit in procuring the means of supplying joint resources in the shape of a home, or a place of business from which to derive an income for the support of a family. Very often it would contribute to the well-being and prosperity of both, and to the permanent good of the family. No doubt such a power can be abused and misapplied, but this is no reason for not recognizing its existence, or why the law should not tolerate it, if on the whole its results are beneficial rather than pernicious. At all events, we think the power exists at present under our law."

Though the defendant in the present case adduced testimony which would have authorized a finding in her favor, there was sufficient evidence in conflict therewith to warrant the verdict; and no material error appears in any of the rulings upon the admissibility of the testimony.

3. The complaints as to expressions or intimations of opinion by the court upon the evidence are not well founded; and the instructions were pertinent to the evidence.

4. Under a well-settled rule, the court was not required to specifically instruct the jury as to the burden of proof upon a particular point in evidence, in the absence of a request to that effect. It is complained that "The court erred in not giving in charge to the jury, even without a written request to do so, a charge in substance as follows: that if it should appear to them, from the evidence in the case, that any part of the note sued on was the debt of the defendant's husband, before the jury would be authorized to find a verdict in favor of the plaintiff the burden would be upon the plaintiff to point out by evidence that part for which the defendant was liable as security, and that for which she was liable as original maker; and that unless the plaintiff could point out by evidence which part of the note was the original obligation of the defendant, and which part of the note was the original debt of her husband (if any part should appear to be the debt of her husband), the plaintiff would not be entitled to recover in the case." It is also.complained that "the court erred in not charging the jury, even without a written request to do so, that if it should appear to them from the evidence that the note sued on embraced indebtedness which was originally the debt of the defendant, as well as an indebtedness which was originally the debt of the defendant's husband, the burden would be upon the plaintiff to point out by evidence that for

which the defendant was liable as the original promisor, and that for which she was liable as surety only, and that for which she was liable by way of assuming her husband's debt, provided the evidence showed that she had assumed her husband's debt or any part of the same, and provided further that they should believe, from the evidence, that any part of the note sued on was originally the debt of her husband, and provided further that it should appear that any part of the note sued on was originally the debt of her husband and that she stood his security. Movant contends that a charge of this character or substance should have been given to the jury, because it is her contention that the note sued on embraced a note which had been given by her husband for the purchase of the Mason land, and that she stood her husband's security for the purchase-money of the Mason land." The omission to give these instructions, in the absence of a request, was not error.

5. The court did not err in overruling the demurrer to the 4th paragraph of the plaintiff's petition, in which it is insisted that the allegation of the petition is insufficient to bind the defendant to liability for attorney's fees provided for in the note sued on. The paragraph of the petition referred to is as follows: "Petitioners show that they have served said defendant with written notice of their intention to bring this suit to December term, 1910, of the city court of Miller county, ten days prior to the filing of this suit, in order to bind for attorney's fees. Copy of this notice is hereby attached, marked 'Exhibit A.'" The notice attached to the petition is in the form of a letter, in which it is specifically stated that if the claim is not paid by the 18th day of November, 1910, "we will institute suit on the same in the city court of Miller county, returnable to the December term, 1910." We think this notice by letter fully meets the point made by the demurrer. Where it is averred that the notice required by law in order to bind the defendant with liability for attorney's fees (Civil Code, § 4252) has been served, it is not necessary that it should appear how it was served. This the proof must disclose; and in the present instance we think that testimony to the effect that, in response to this notice, the defendant called to see the plaintiff's attorney, prior to the return day of the term to which the suit was filed, and stated her inability to pay the claim, would authorize the jury to find that the requisite notice had been given the defendant.                    *Judgment affirmed.*