7045. McCONNELL *v.* CHEROKEE NATIONAL BANK OF ROME.

RUSSELL, C. J. 1. Since an agreement not to prosecute for crime, or to suppress a criminal prosecution, is forbidden by law, irrespective of the motive of the parties (*Frick* v. *Moore*, 82 *Ga.* 159-160 (8 S. E. 80)), a note given for no other purpose than to suppress a criminal prosecution is void for the want of consideration, whether the accused person be innocent or guilty. *Lucas* v. *Castelow*, 8 *Ga. App.* 812 (70 S. E. 184). See also *Cromer* v. *Evett*, 11 *Ga. App.* 654 (75 S. E. 1056).

2. The question as to whether a particular note was given merely to settle a criminal prosecution, or upon another and different consideration, presents an issue of fact to be determined by a jury.

3. In view of the foregoing, it was error to refuse to allow an amendment to an affidavit of illegality which had been interposed to the foreclosure of a chattel mortgage, where the amendment set up that the money, the payment of which was secured by the mortgage note, was obtained at the instance of the original payees for the sole purpose of securing the dismissal of a criminal warrant charging the nephew of the maker of the note with the offense of cheating and swindling; especially since it was alleged in the amendment that the president of the corporation which was the holder of the note and the plaintiff in the mortgage fi. fa. knew of the purpose of the note and the consideration thereof, it being alleged that all of the negotiations, as well as the statements in regard to the dismissal of the warrant, were made by the original payees of the note in the presence and hearing of the said president,

who himself drafted the mortgage note, which was delivered to the bank contemporaneously with its execution.

Judgment reversed.  Broyles, J., dissents.

Decided May 1, 1916.

Affidavit of illegality; from city court of Floyd county—Judge Nunnally.  November 2, 1915.

*Eubanks & Mebane*, for plaintiff in error.

*Lipscomb & Willingham*, *E. P. Treadaway*, contra.

Broyles, J., dissenting.  I agree, of course, with my colleagues as to the general principles of law enunciated in the foregoing decision.  The facts of this case, however, clearly distinguish it from the case of *Lucas* v. *Castelow*, 8 *Ga. App.* 812, and the other cases cited in the decision, and I do not think that the trial judge erred in rejecting the proffered amendment to the affidavit of illegality, for the reason that the plea as amended set up no legal defense to the plaintiff's suit.