14768.  COMMERCIAL CREDIT COMPANY *v.* FRY.

1. Where the principal files no defense to a suit on a promissory note, and there is some evidence to sustain the plea of the sureties that the note was void because given to prevent the prosecution of the principal for a felony, a verdict sustaining the plea is good.
2. There was no reversible error in the court's charge or in the admission of evidence, and it was not error to overrule the motion for a new trial.

DECIDED JANUARY 15, 1924. ADHERED TO ON REHEARING, FEBRUARY 25, 1924.

Complaint; from city court of Albany—Judge Clayton Jones. June 6, 1923.

Application for certiorari was denied by the Supreme Court.

*Milner & Farkas,* for plaintiff.

*Lippitt & Burt, J. W. Kieve,* for defendants.

LUKE, J.  Commercial Credit Company sued W. C. Dunham, R. F. Crawford, E. A. Fry, and A. W. Wood on a $3000 promissory note, payable to "myself," signed "W. C. Dunham," and indorsed on the back by all of the foregoing parties. Dunham filed no defense.  The other defendants pleaded: (1) that they signed as accommodation indorsers at the instance of Dunham, who was acting as the plaintiff's agent in obtaining their signatures; that Dunham indorsed and delivered the note to his principal, Commercial Credit Company; that this company furnished the sole consideration for the note, was really the original payee, and was not a bona fide transferee for value; (2) that the note was void, because it was not a completed contract, for the reason that it was indorsed upon the distinct agreement, known to the plaintiff, that other parties were to indorse it before it should become binding upon defendants, and that it was delivered without such additional signatures; (3) that the note was given in violation of section 329 of the Code (1910); (4) that the note was void because it was given in settlement of a threatened criminal prosecution for cheating and swindling, embezzlement, and larceny after trust. The trial resulted in a verdict for the defendants.  The plaintiff's motion for a new trial was overruled, and the movant excepted.

Since counsel for defendants in error specifically states that "the question of duress is not presented," we will consider what we deem the controlling question in the case,—namely, was the note illegal for the reason that it was given for the prevention of a criminal prosecution?  The plaintiff was engaged in lending money on business transactions,—"on invoices principally." Dun-

ham was engaged in the lumber business, and owes the plaintiff approximately $15,000. The exact nature of the transactions whereby this indebtedness arose is not stated. Mr. Mack was secretary of the plaintiff company. Messrs. Milner & Farkas were its attorneys at law. The note sued on was given as partial security for the large amount due the company by Dunham, and the defendants were accommodation indorsers on the $3000 note. Dunham swore in part as follows: "Mr. Mack said he was down there to put the matter before the grand jury. He did not say that he wanted to adjust it. He didn't specifically state what I had done, but that I had got some of their money that I didn't have a right to use. I realize that I owed them money." Mr. Fry testified as follows: "I had a conversation with Mr. Milner, who is attorney for Commercial Credit Company and represented them at that time. . . . The substance of the conversation was that Dunham had misappropriated funds of the Commercial Credit Company; that he had misused some of the funds. This is the substance of the first conversation. . . Mr. Milner called me up Sunday before the Monday I indorsed the note. He told me that something had to be done,—Mr. Dunham had misappropriated these funds and the representative of the Commercial Credit Company was in town or on the way. He said something had to be done pretty quick. We talked about the grand jury being in session the next day. He told me that it would be in session. He did not tell me why something had to be done; he knew that I knew; we had talked it over enough, Mr. Milner and myself. Mr. Milner was attorney for Commercial Credit Company."

As the foregoing testimony is very important to this case, we deem it proper to consider here the objections to it. They are as follows: "(a) Same was irrelevant and immaterial; (b) . . same was hearsay and therefore inadmissible; (c) . . whatever statement might have been made by Mr. Milner could not affect the rights of the plaintiff in the case unless it was shown that he was authorized to make such statements, and there was no evidence of any such authority; (d) . . the evidence shows that Mr. Milner was acting merely as attorney for the Commercial Credit Company in adjusting its affairs with Mr. Dunham, and was acting as a friend to Mr. Dunham in prevailing upon the Commercial Credit Company to accept his note." We think the evidence in

the case is sufficient to show that Mr. Milner was such an agent of the Commercial Credit Company as that the evidence objected to was binding on that company.    Mr. Milner himself swore that he represented the company in handling the Dunham account, that he discussed the matter with Dunham, that there appeared to be some question about the regularity in which he had handled transactions, that he advised Dunham that if the matter could be ad-·justed there would be no criminal prosecution, if he could work out his settlement from a civil statement, and that if it constituted a crime, in his opinion it could be settled.    Mr. Milner swore also that he went over the matter with Mr. Fry, told him what the situation was, did not want Dunham to get into trouble if it could be avoided, and that if a settlement was made Dunham would not be prosecuted, even though he had committed what otherwise would be a crime.    It also appears from the evidence that no prosecution was instituted against Mr. Dunham.

Of course it was not essential for the defendants to show that a prosecution had already begun.    *Godwin* v. *Crowell,* 56 *Ga.* 566; *Wheaton* v. *Ansley,* 71 *Ga.* 35 (1).   Where the defense involves suppression of a prosecution for felony, the party charged need not be shown to be actually guilty of the felony.    "It is sufficient if there be an act of which he is charged to be guilty which is prima facie a felony."    *Chandler* v. *Johnson,* 39 *Ga.* 85.    "(1) A negotiable promissory note given in whole or in part upon an agreement, express or implied, to settle or prevent a criminal prosecution is void, unless the case falls within some express statute authoring settlement.    Civil Code (1910), §§ 4247, 4251; *Small* v. *Williams,* 87 *Ga.* 681 (5), 685 (13 S. E. 589).    (2) If the consideration for the notes sued on was the suppression of a criminal prosecution, it is immaterial whether the suit is brought by a bona fide holder or not.    Civil Code (1910), § 4286; *Jones* v. *Dannenberg Co.,* 112 *Ga.* 426 (37 S. E. 729, 52 L. R. A. 271).    (3) Where a note was executed by one as principal and by another as surety, and the consideration therefor was illegal and immoral, but this fact was unknown to the surety at the time of the execution and delivery of the note, the surety may nevertheless defend a suit thereon by showing that the note was in fact executed by the principal for such a consideration.    Civil Code (1910), §§ 3538, 3539; *Patterson* v. *Gibson,* 81 *Ga.* 802 (10 S. E. 9, 12 Am. St. R.

356).” *William Hester Marble Co.* v. *Wallon,* 22 *Ga. App.* 433 (96 S. E. 269). That it is the policy of our law that crime should be punished, and that an agreement to prevent a prosecution is abhorrent to that law and illegal, clearly appears from the able · opinion of Justice Little in the case of *Jones* v. *Dannenberg Co.,* 112 *Ga.* 426 (supra).

We are not unmindful of the fact that some of the decisions cited above involved cases where prosecution had already been instituted, and others where duress was under consideration, yet we think some of the principles enunciated therein are applicable to the case under consideration, and therefore deem it proper to advert to them. We are of the opinion that the evidence as a whole, in the light of the foregoing authorities, is sufficient to sustain the contention of the defendants that the contract sued on was illegal because its consideration was wholly or in part the suppression of a threatened prosecution for a felony. The judgment of the trial court in overruling the motion for a new trial is therefore sustained.

The judge’s charge as a whole was full and fair, and no reversible error is in it or in the court’s ruling on the admissibility of evidence.

*Judgment affirmed. Broyles, C. J., and Bloodworth, J., concur.*