19196. HILL *et al. v.* JONES.

STEPHENS, J. 1. Where property was damaged in the commission of a felony, and the owner accepted promissory notes in settlement of the damage and thereby released the one suspected of the crime from any civil liability for the damage done, and no settlement of the criminal offense was attempted, although afterwards the owner failed to institute a criminal prosecution against the offender, but where the failure to prosecute was not a part of the consideration, the transaction did not amount to a compounding of a crime, but amounted only to a satisfaction of the civil wrong which grew out of the perpetration of the criminal act. Civil Code (1910), § 4491; *Wheaton* v. *Ansley,* 71 *Ga.* 35; *Jones* v. *Dannenberg Co.,* 112 *Ga.* 426 (37 S. E. 729, 52 L. R. A. 271); *McConnell* v. *Cherokee National Bank,* 18 *Ga. App.* 52 (88 S. E. 824).

2. In a suit upon promissory notes, where the defendants pleaded that the notes were given for the purpose of compounding and settling a prosecution for burglary, which is a felony, and there was evidence from which the jury could infer that the notes were given solely in settlement of damage to the property of the plaintiff, and that there was no attempt or agreement to settle the criminal prosecution, the verdict found for the plaintiff was authorized.

3. Where, in the petition in a suit on promissory notes, the plaintiff, in one paragraph, alleged that on a certain date the defendants executed a certain number of notes, each in a certain principal sum, payable to the plaintiff on certain dates and bearing interest after maturity, and where, in another paragraph of the petition, the plaintiff alleged that attached to the petition was a copy of one of the notes, which it was alleged was in the same form as all the other notes, and where it appeared from an exhibit attached to the petition that the notes pro-

vided for the payment of attorney's fees, and the petition alleged the giving of the statutory notice required for the recovery of attorney's fees contracted for in the notes, and prayed judgment for the principal and interest, as well as for attorney's fees, and where the defendants in their plea admitted the paragraph first referred to, but denied the second paragraph referred to, the admission amounted only to an admission of the execution of the notes sued on as respected the date of the execution, the principal sum of each note, the dates of maturity, and the provisions in the notes as to interest from maturity, and did not amount to an admission that the notes sued on provided for attorney's fees and were otherwise in the form evidenced by the exhibit attached to the petition. The plea did not amount to an admission of a prima facie case as made by the plaintiff's petition. Where the defendants, after making in the plea the admission indicated, pleaded that the consideration of the notes was illegal, but did not, either in the plea or elsewhere, admit the execution of the notes in the manner and form evidenced by the exhibit attached to the petition, they did not admit a prima facie case in the plaintiff. It was therefore necessary for the plaintiff, in order to establish the material allegations in the petition, to introduce the notes in evidence, and where, upon the trial, the plaintiff introduced the notes in evidence in order to prove the allegations made in the petition, the defendants were not entitled to the opening and the conclusion in the argument. *Abel* v. *Jarratt*, 100 *Ga.* 732 (28 S. E. 453); *Western & Atlantic Railroad Co.* v. *Brown*, 102 *Ga.* 13 (29 S. E. 130); *Willingham* v. *Macon & Birmingham Railway Co.*, 113 *Ga.* 374 (38 S. E. 843); *Phœnix Insurance Co.* v. *Gray*, 113 *Ga.* 424 (38 S. E. 992); *Northington* v. *Granade*, 118 *Ga.* 584 (2), 586 (45 S. E. 447); *Crankshaw* v. *Schweizer Manufacturing Co.*, 1 *Ga. App.* 363, 366 (58 S. E. 222).

4. No error appears, and the verdict found for the plaintiff was authorized.

*Judgment affirmed. Jenkins, P. J., and Bell, J., concur.*

Decided August 24, 1929.

*Hubert F. Rawls,* for plaintiffs in error.
*J. T. Powell, Krauss & Strong,* contra.