## HARRIS *v.* WEBB & RUTLEDGE.

Where, in order to bring about the suppression of a criminal prosecution against himself, a husband delivers to a third person property belonging to his wife which is taken possession of and carried away without her consent, she may recover her possession by a possessory warrant ; and it is no reply to her suit that she, after the conversion, gave her assent to the retention of possession by the defendant, it appearing that the assent, if given, was for the purpose of suppressing such prosecution. Assent if given upon such consideration is void and does not condone the original tortious taking.

(*a*) Subsequent assent to and approval of such wrongful taking, procured by duress of threats to prosecute the husband such as are indicated in the transaction above described, is not effective to ratify or confirm the wrongful act and does not deprive her of the right to recover possession.

Submitted April 14, — Decided May 7, 1897.

Certiorari. Before Judge Hutchins. Gwinnett superior court. March term, 1896.

*C. H. Brand,* for plaintiff.

SIMMONS, C. J.　It appears from the record, that Harris was indebted to Webb & Rutledge and had given them a mortgage to secure the debt, that Harris had sold the mortgaged property, and that a warrant had been issued against him for the offense.　Before the case was tried, Harris agreed with Webb & Rutledge to turn over to them some personal property of his wife's, provided she would consent thereto.　Without obtaining her consent, Webb went to her home and took charge of the property and carried it away during her absence.　After the property had been so taken by Webb, Rutledge undertook to obtain the consent of the wife to the taking.　She refused to consent until Rutledge informed her that, unless she did consent, the prosecution of her husband for the criminal offense would proceed.　She then replied that "to get the case settled she would consent, though she said she did not have the stock to spare, but to get the case settled she would consent."　Subsequently she sued out a possessory warrant against Webb & Rutledge, for the recovery of the personal property ; and these facts were shown in evidence to the magistrate.　The magistrate dismissed the warrant ; whereupon she sued out a certiorari to the superior court.　Upon the hearing of the same in that court, the trial judge overruled it, and to this Mrs. Harris excepted.

Under the facts as disclosed by the record, we think the court erred in overruling the certiorari.　Webb, the creditor, and Harris, the debtor and husband, had no right to go to the home of the wife and take her property for the purpose of settling the debt of her husband and thereby to suppress a criminal prosecution against him.　Under the circumstances the wife's remedy, by which to recover her property, was by possessory warrant.　Possessory warrant lies where any personal chattel has been taken or carried away, either by fraud, violence or other means, from the possession of the party complaining, without the consent of the party and without lawful warrant or authority.　Civil Code, § 4799.　In the present case the property of the wife was taken from her by Webb without her consent and without any lawful warrant or authority.　It was an illegal act, done, as the record shows, in settlement of and to

suppress a criminal prosecution against the husband.   Section 324 of the Penal Code provides, that " If any person   .   . prosecuting under pretense of any penal law shall compound with the offender,   .   .   unless it be by leave of the court where the same is pending, he shall be guilty of a misdemeanor." Section 3894 of the Civil Code provides, in substance, that any attempt to satisfy a public offense, or to suppress a prosecution therefor, is illegal and vitiates the entire agreement, except in those cases where the law expressly allows a settlement.   Even if the magistrate who had issued the warrant had the authority and power to approve the dismissal thereof upon a settlement of the debt, the record does not show that any attempt was made to obtain this approval.   The whole transaction was, therefore, illegal and void as between Webb and the husband, Harris ; and it is no reply on the part of Webb & Rutledge that the wife, after the wrongful taking, consented thereto and thereby ratified it.   The assent of the wife, given for the purpose of suppressing a criminal prosecution against her husband, was part of a transaction illegal and void by law, and can not effect the ratification of the prior wrongful taking.   This is especially true when it is shown that, after the property had been wrongfully taken, the wife assented only under duress of threats to prosecute her husband unless she did so consent.   Her consent was obtained on the ground that the prosecution would be discontinued.   The assent thus obtained would not ratify and confirm the illegal transaction so as to prevent her from recovering her property wrongfully taken from her possession.   The assent given does not deprive her of the right to recover possession.

*Judgment reversed.   All the Justices concurring.*