SANDERS *et al. v.* McKEE.

LUMPKIN, J. 1. Where a person owed an account, and was also incarcerated under a warrant charging the offense of "cheating and swindling," if a settlement was effected by which the accused gave a note, which was also signed by two other persons, "in settlement of the account, if the charges would be dismissed or settled against" such person, such consideration was illegal and immoral, and the note could not be enforced, unless the settlement was made by approval and order of the court on examination into the merits of the case, as provided by the Penal Code (1910), § 981.

(a) To a suit on a promissory note against two persons, a plea was filed that the note was given in part for the purpose of settling a criminal prosecution instituted by the plaintiff (McKee) against one Brown. In the bill of exceptions it is recited that the case was submitted to the presiding judge, without a jury, "on the following agreed statement

of facts, as testified by" a named attorney: "I saw the defendants sign the note in suit; they did so voluntarily. Brown was in jail at Cochran, under charge of cheating and swindling, preferred by McKee, the plaintiff. McKee held a store account for the amount of $213.30, for payment of which, I understand, Brown was responsible. Brown applied to me to get him out of jail; and thereupon I conferred with McKee at Cordele over the telephone, and offered to give a good note with security in settlement of the account, if the charges would be dismissed or settled against Brown. This was agreed to by McKee, and I, in Cochran, Georgia, conferred by telephone with the judge of the county court of Crisp county, where the charges were preferred, and he referred me to the solicitor, who agreed, upon payment of the cost, to dismiss or settle the charges against Brown, if this was agreed to by McKee. The note was drawn and signed by the parties, and Brown was given his liberty. I do not know what was done further as to the criminal proceedings; whether the case was ever dismissed or not;" and in the further agreement of facts immediately following this testimony was the following sentence: "That the judge of the county court of Crisp county approved this disposition of the case, and that the case was dismissed." The presiding judge entered judgment for the plaintiff. *Held*, that this was error. This agreement was not sufficient to show a compliance with Penal Code § 981. Nor was it sufficient to raise a presumption of a proper exercise of jurisdiction by reason of a judgment of a court of competent jurisdiction.

2. Penal Code § 723, which provides that the presiding judge may "permit the parties at interest to settle the prosecution" has reference only to the prosecution for the offense declared in the preceding section.

*Judgment reversed. All the Justices concur.*

JULY 13, 1916.

Complaint. Before Judge Graham. Bleckley superior court. April 2, 1915.

*W. L. Grice* and *Hall & Grice,* for plaintiffs in error.

*J. M. Bleckley,* contra.