### 34587. THRIFT CREDIT UNION v. MOORE.

CARLISLE, J. 1. "The law positively forbids any assumption by a wife of the debts of her husband . . . [Code §§ 2-2801, 53-502, 53-503]; and if a creditor of the husband receives in payment of his debt money of the wife, knowing it to be hers, the wife can recover of the creditor the amount so paid. *Humphrey* v. *Copeland*, 54 *Ga.* 543; *Chappell* v. *Boyd*, 61 *Ga.* 662; *Maddox* v. *Oxford*, 70 *Ga.* 179." *Lewis* v. *Howell*, 98 *Ga.* 428, 431 (25 S. E. 504); *McRitchie* v. *Atlanta Trust Co.*, 170 *Ga.* 296, 301 (152 S. E. 834). The petition alleged that the money which she paid over to the defendant was a part of her separate estate, which was known to the defendant, and the petition therefore stated a cause of action.

2. But it is contended by the defendant that since the plaintiff paid the money to suppress a criminal prosecution, which is illegal, she should not be permitted to find relief in the courts but should be left where found, without clean hands. We recognize the well-established rule that parties who voluntarily enter into contracts to suppress criminal prosecution are in pari delicto and neither a court of law nor of equity will interpose to give relief to either party. *Jones* v. *Dannenberg*, 112 *Ga.* 426 (37 S. E. 729); *Deen* v. *Williams*, 128 *Ga.* 265 (57 S. E. 427); *Sanders* v. *McKee*, 145 *Ga.* 507 (89 S. E. 484); *Howell* v. *Fountain*, 3 *Ga.* 176 (46 Am. D. 415). That rule applies where the parties are shown to be equally at fault. *Hodges* v. *Citizens Bank of Sylvania*, 146 *Ga.* 624, 628 (92 S. E. 49). Where, however, the defendant made threats to have her husband criminally prosecuted for a misappropriation of the defendant's funds unless she consent to a sale of a part of her separate estate and deliver the proceeds to the defendant to be applied against the debt due by the husband on account of the misappropriation, there is duress as to the plaintiff wife and the law will not deem her to be in pari delicto with the defendant so as to deny her relief in recovering a part of her separate estate which was, with the knowledge of the defendant, applied on her husband's debt. *Harris* v. *Webb & Rutledge*, 101 *Ga.* 84 (28 S. E. 620); *Hodges* v. *Citizens Bank of Sylvania*, supra; *Colclough* v. *Bank of Penfield*, 150 *Ga.* 316 (103 S. E. 489). The trial court did not err, therefore, in overruling the demurrer to the petition.

*Judgment affirmed. Gardner, P. J., and Townsend, J., concur.*

DECIDED APRIL 11, 1953—REHEARING DENIED MAY 1, 1953.

*Wright, Oxford & Love, Joseph W. Love,* for plaintiff in error. *Tindall & Tindall, Newell Edenfield,* contra.

Mrs. Charlotte M. Moore brought an action against Thrift Credit Union in which she alleged substantially the following: The defendant is indebted to the plaintiff in the sum of $5,250, together with interest thereon at 7 percent from January 9, 1951, to date by reason of the following facts. The plaintiff is

the wife of F. L. Moore, former treasurer of the defendant corporation. On and prior to January 9, 1951, the plaintiff and her husband were the owners in fee simple of a certain tract of real property, together with a dwelling thereon, in Atlanta, each of them owning an undivided one-half interest therein. During the month of August, 1951, it was learned by the officers of the defendant corporation that the plaintiff's husband had misappropriated and converted to his own use approximately $28,000 of the funds of the defendant corporation and her husband was immediately threatened with criminal prosecution as a result of such misappropriation. During the month of November, 1951, the attorneys for the defendant corporation, well knowing that the plaintiff owned as her separate estate a one-half undivided interest in the property described above, sent word to the plaintiff through Roscoe Stewart that unless she consented to a sale of the property and delivered the proceeds of her one-half interest to them in satisfaction of her husband's obligation, her husband would be indicted, tried, and convicted. It was suggested that if the plaintiff consented to such sale and surrendered the proceeds of her one-half interest to them in restitution no prosecution against her husband would be commenced. Thereafter on November 19, 1951, the plaintiff did consent to a sale of her one-half interest in the property. The net proceeds from the plaintiff's one-half interest amounted to $5,250, which was then and there paid by the plaintiff to the defendant to be applied upon her husband's debt, and the defendant well knew at the time of such payment that it was being made in satisfaction of the husband's debt and constituted a transfer of her property for that purpose and was from her separate estate.

The defendant corporation demurred to the petition on the grounds that it set forth no cause of action, that aside from the conclusions of the pleader no sufficient facts are alleged upon which to base a claim against the defendant, that it fails to allege any fact showing that the defendant is indebted to the plaintiff in the sum of $5,250 or any other sum, and that it affirmatively appears that the defendant is not indebted to the plaintiff.

The trial court overruled the demurrer on each and every ground and the defendant excepted, assigning error upon that judgment.