## COLLINS v. WILLIAMSON.

One who, at the instance of a vendee of land who was in possession under a bond for' titles with none of the purchase-money paid, bid off the land at a sheriff's sale, under a parol agreement with the vendee, the defendant in execution, that he would buy in the land, advance the money, and take the sheriff's conveyance to himself for the benefit of such vendee, and who, while the bidding was in progress, discouraged bidding by another by stating that he was bidding in behalf of the vendee, holds as trustee for the latter such title as he derived from the sheriff, and on being paid or tendered in due time the amount of his bid and all other money advanced by him in consequence of his purchase, with interest thereon, may be compelled by decree to convey the premises to said vendee by release or quitclaim deed.

July 23, 1894.　　　　　　　　　　　　　　*Judgment reversed.*

Equitable petition. Before H. D. D. TWIGGS, judge *pro hac vice.* Emanuel superior court. October term, 1893.

Collins bought land of Henderson, paid part of the price, gave three notes for the balance, and went into possession. Henderson sold one of the notes to Camp, who sued it to judgment, and execution therefrom was levied on the land. No deed to Collins was filed before the sale under the levy. At the instance of Collins, Williamson consented to bid off the land at the sale, take a deed, and make Collins a deed when he paid Williamson his money back; it being also part of the agreement that Collins should pay off the balance of the original purchase price when the other notes matured. They attended the sale together. While the bidding was going on, Coleman made a bid and was asked by Williamson not to bid against him, as he was bidding off the land for Collins; and Coleman bid no more. Williamson bid off the land for $160, and the sheriff made him a deed. When the second purchase-money note fell due, Salter, to whom Henderson had transferred it, sued it to judgment. Henderson filed in the clerk's office a deed to Collins; and Williamson paid off the

*fi. fa.* and took up the papers. Collins' possession was never disturbed. He paid the balance of the purchase money as agreed. He tendered to Williamson enough money to have more than reimbursed him for what he had paid out, and demanded a deed. Williamson said he would study about the matter, but did not claim that the land was his. He afterwards refused to make a deed to Collins, who brought his petition praying that, upon payment by him of the amount expended by Williamson, with interest, the sheriff's deed be cancelled, that peaceable possession be decreed, and that general relief be granted. A nonsuit was granted, on the ground that the agreement between the parties, being in parol, was within the statute of frauds.