## JARRETT *et al. v.* WALLACE, guardian.

1. In the absence of proper pleadings and parties, parol evidence is inadmissible to engraft a trust upon an absolute and unconditional deed.

2. Under the pleadings in this case, the sole issue for determination by the jury was whether or not a deed executed by the plaintiff's ward, an alleged lunatic, was void because of his mental incapacity, at the time it was signed, to make a binding contract.

3. This being so, and the jury, upon a fair submission of this issue, having found for the plaintiff on evidence fully warranting the verdict, the same will not be set aside, even though, upon immaterial matters, certain charges complained of, but which are not now passed upon, may have been incorrect.

June 8, 1896.  By two Justices.  Argued at the last term.

Equitable petition.    Before Judge Butt.    Muscogee superior court.    May term, 1895.

*C. J. Thornton, H. C. Cameron* and *J. L. Owen,* for plaintiffs in error.

*Goetchius & Chappell* and *A. W. Cozart,* contra.

LUMPKIN, Justice.

This was an action by Flora Wallace, as the guardian of Sterling Irvin, an alleged lunatic, against Robert Jarrett and his minor daughter, Minnie L. Jarrett, for the cancellation of a deed made to the latter by the plaintiff's ward. The petition was based mainly upon the ground that Sterling Irvin, at the time of the execution of the deed, was of unsound mind and not possessed of sufficient mental capacity to make a binding contract. The answer of the defendants, among other things, alleged that long prior to the making of the deed in question, one Kittie Williams had purchased the land therein described from Catharine M. Meeler, had paid the latter all the purchase money for the same, and that in order for Irvin to act as trustee for Kittie Williams, his name was embraced in the deed, though he had no interest in the land. There was, however, no prayer for a reformation of the deed from Mrs. Meeler, which on its face purported to be a conveyance of the land to Irvin and Kittie Williams, nor was Mrs. Meeler made a party to this action. It appears that Kittie Williams died before the execution of the deed from Irvin to Minnie L. Jarrett. It can be gathered from the record, that the plaintiff's theory was that Kittie Williams, before her death, had intermarried with Irvin, and that after her death he became the sole owner of the property in dispute, having derived title to an undivided half of the same through the Meeler deed, and to the other half as the sole heir of his deceased wife. On the other hand, the defendants seem to have insisted that there was never any lawful marriage between Kittie Williams and Irvin, and that he had no interest in the land under the Meeler deed, for the reason above indicated. They also claimed title in Minnie

L. Jarrett under a parol gift from Kittie Williams, alleged to have been made while she was in life. The foregoing statement contains enough of the facts disclosed by the record to illustrate our rulings in this case.

1. The trial judge very properly excluded parol evidence tending to show that Irvin took no interest in the land under the Meeler deed. Upon its face, that deed conveyed to him an undivided half of the property as a tenant in common with Kittie Williams, and the defendants sought to engraft upon this absolute and unconditional conveyance a parol trust. It is well settled that, in the absence of proper pleadings and proper parties, such a thing cannot be done. The mere naked allegations as the purpose for which the name of Irvin was inserted in the deed were entirely insufficient to authorize even a court exercising equity powers to grant the relief which we suppose the defendants were seeking to obtain. There ought to have been at least a prayer for a reformation of the deed, and Mrs. Meeler and the legal representative of Kittie Williams should have been made parties to the proceedings.

2, 3. The truth is, that under the pleadings and evidence in this case, there was really but one issue to be passed upon by the jury, viz: whether or not Irvin, at the time he executed the deed for the cancellation of which this petition was brought, was mentally capable of contracting. This question was fairly submitted to the jury, and there was abundant evidence to warrant them in finding that Irvin was not thus capable. Accordingly, there is no legal cause for setting the verdict aside. We have not undertaken to determine whether or not there was any error in some of the charges complained of, for the reason that they relate to immaterial matters not affecting the real merits of the case.                    *Judgment affirmed.*