### ETHERIDGE *v.* WOODARD.

A court of equity will not decree the specific performance of a parol contract between the purchaser of land at a tax sale and the owner of the land, by which it was in effect agreed that the owner should have a right to redeem the land after the expiration of the time allowed by law for its redemption, it not appearing that there has been any part performance of the contract.

Argued November 18, — Decided December 17, 1898.

Petition for specific performance. Before Judge Smith. Dodge superior court. May 23, 1898.

The evidence introduced by the plaintiff was, in substance, as follows: In June, 1892, the defendant bought at sheriff's sale

a certain lot of wild land sold as the property of the plaintiff under an execution for State and county taxes. Soon after the sale the defendant entered into an agreement with the plaintiff, whereby defendant was to keep the land until the expiration of twelve months, after which plaintiff would pay back to him the purchase-money, with the per centum thereon allowed by law. The reason for waiting twelve months was, that they thought that if the twelve months were allowed to expire, and the defendant then made a deed of reconveyance to the plaintiff, as he agreed to do, it would have the legal effect to strengthen and perfect the plaintiff's title to the land. Before the expiration of the twelve months, the tax-collector informed plaintiff that he had two years within which to redeem the land. Plaintiff told defendant what the tax-collector had said; and it was agreed between plaintiff and defendant that they should wait until the expiration of the two years, and that plaintiff could then redeem the land by getting a reconveyance of it from defendant on the payment of the purchase-money and the per centum thereon. Shortly after the expiration of the two years, plaintiff sought defendant with a view to redeeming the land in accordance with the contract, but defendant kept out of his way. Soon after that time plaintiff saw defendant, who refused to allow him to redeem the land upon the payment of the purchase-money and the per centum, as he had contracted to do. Plaintiff offered to pay defendant the full amount of principal and interest due thereon. He did not show defendant the money, but was prepared, if defendant had accepted it, to pay him with a bank-check or otherwise. Defendant claimed that he had sold half of the land to another person, and also denied the contract. The amount paid for the lot was $13. It was worth $500. On May 2, 1893, defendant wrote and signed a letter to plaintiff, as follows: "The amount that I charge you to make a deed is $16.80, interest and cost. Meet me at Eastman on the twelfth day of the month, and I will make you a deed on that day, as I promised to do."

The concluding paragraph of the plaintiff's petition was as follows: "Petitioner hereby continues said tender, and hereby offers to pay said [defendant] the full amount that he paid for

:said land, and the per centum that he is entitled under the .statute in such cases, and . . prays that said defendant be required to accept said purchase-money and interest, and to ·execute to petitioner a good and sufficient conveyance to said 'land," etc. The court granted a nonsuit.

*Roberts & Milner*, for plaintiff.
*W. M. Clements*, for defendant.

SIMMONS, C. J. Under the facts of the present case, as they :are disclosed by the record, there was no error in sustaining the motion for nonsuit. The contract set up by the plaintiff was in parol and for the sale of land. There was no evidence to show performance or part performance on the part of either party. Even if plaintiff made a sufficient tender, it was after the legal right to redeem had expired. The defendant does not admit the contract alleged by the plaintiff, but denies it, .and is therefore entitled to the protection afforded by the statute ·of frauds. There were no facts alleged or proved by the plaintiff which would, under any circumstances, have authorized the jury to find in his favor, and the court properly sustained the motion for the grant of a nonsuit.

*Judgment affirmed. All the Justices concurring.*