## CARR *v.* GRAHAM.

1. An owner of land sold at public auction under a power of sale in a security deed has a right to come into equity whenever it appears that the purchaser made untrue representations whereby other persons were prevented from bidding, and by which the land was obtained at an undervalue.
2. Where such a purchaser assumed to act as agent, or sustained a con-

fidential relation to the owner of the land, equity will impress, for the latter's benefit, a constructive trust on the land, on tender of the purchase-money.

3. If, however, such a purchaser sustained no vicarious or confidential relation to the owner of the land, nor by his conduct in the purchase of the land created such relation, his fraud, though affording the owner the right to cancel the sale, will not make him a trustee ex maleficio, so as to entitle the owner to a recovery of the land without disaffirming the sale.

Argued April 20,—Decided July 11, 1907.

Equitable petition.    Before Judge Wright.    Floyd superior court.   May 9, 1906.

Eliza J. Graham filed her equitable petition against William A. Carr to the January term, 1906, of Floyd superior court, containing substantially the following allegations: Prior to 1897 she owned and possessed a described farm in Floyd County, and Carr, the defendant, was her agent to rent it, pay taxes on it, and keep the property in repair and otherwise care for it.   She had executed to the Security Investment Company a deed conveying this property as security for a debt of $1,200, which contained a power of sale.   This debt became due on December 1, 1895, and, the petitioner being unable to meet it, the grantee after due advertisement sold the property under the power of sale, on the first Tuesday in April, 1897, and it was bid off by the defendant for $1,240, and a deed executed by the company to the purchaser, who immediately went into possession, and has remained thereon till the present time.   At the time of the sale the place was worth $3,000, and its rental value was $350 per annum.   "Petitioner alleges, that Dr. E. A. Cook . . contemplated buying said property at said sale and was willing and able to pay the sum of $2,500 therefor; that said Carr learned of the purpose of said Cook to bid for said property at said sale; with a view of preventing said Cook from bidding at said sale he sent a message to him . . [which was delivered] to the effect that he, Cook, would have to pay $3,000 or over if he got the property; that he, Carr, had claims against the place and would make it bring at least said sum; that petitioner would rather he, Carr, had the place than anybody else; that if he, Cook, bought the place he would buy a lawsuit, and would have trouble about getting title to the property."   It is alleged that the effect of this message was to deter Cook from bidding, and to enable Carr to buy the property for less than its value.   It is further al-

leged·that it was not true, as represented by Carr to Cook, that Carr had any claim against the property, nor that there would be trouble about the title if Cook bought at the sale. The petitioner states that she did not know of Carr's conduct in this regard until three months prior to filing her petition, and she could not have discovered it by the exercise of diligence on her part. The purchase by Carr is. alleged to be fraudulent; and she prays, that the deed to Carr be delivered up and canceled; that Carr be required to account to her for the rents since 1897; that after deducting the $1,240 paid by Carr, with interest, she may recover a judgment for the excess over that sum of the rents of the place; that she recover possession of the property; and that process do issue.

The defendant filed a demurrer upon numerous grounds, among which were the following: that no cause of action was set forth; that there was a nonjoinder of parties, and the deed could not be canceled without making the grantor a party; that the action was barred by the statute of limitations; that the acts set forth did not charge either legal, moral, or constructive fraud, or such fraud as would prevent the running of the statute of limitations; that the allegations of fraud were too vague and indefinite; and that the measure of the plaintiff's recovery, if she had any, would be, not the land, but the difference between the price paid and the value of the land at the time of the sale. The plaintiff amended her petition by striking the prayer for cancellation, and praying instead that a decree be entered directing Carr to execute a deed passing title to the property into her, or, in default thereof, that the court decree title to be in her. The petition as amended was demurred to on the grounds, that the plaintiff, by amendment, having ratified the sale by asking that the title in the defendant be recognized, is estopped from seeking to have the title so vested transferred to her; that a petition for cancellation can not be changed into an action to recover title, and an amendment seeking to make such change sets up a new cause of action; that there is no such privity between the plaintiff and the defendant as would authorize a court of equity to compel the defendant to execute a ·deed to the plaintiff; and that no facts are set up which would authorize the relief sought by the amendment to the prayer. The court overruled the demurrer, and the defendant excepted.

*Denny & Harris,* for plaintiff in error. *Dean & Dean,* contra.

EVANS, J. The original petition, as illustrated by the prayer for cancellation, was projected on the theory that the defendant, by false statements, deterred a bidder, able and willing to buy, from bidding on the plaintiff's land at an enforced sale at public auction, under a written power, and purchased the land himself for a grossly inadequate sum; that the title to the land thus acquired was fraudulent, and should be canceled. She voluntarily amended her petition by withdrawing the prayer for cancellation, and substituting therefor a prayer that under the facts alleged the court decree that the defendant "execute a good and sufficient deed of conveyance, passing title to said property into petitioner; or, in default thereof, that the decree of the court operate as such conveyance, passing title to petitioner as fully as said Carr himself could do, divesting all title out of said Carr," etc. When the plaintiff withdrew her prayer for cancellation she abandoned her attack on the legality of the sale; she no longer seeks to repudiate the sale and cancel the defendant's title. The amended prayer is appropriate to a petition for specific performance. There is no allegation in the petition that the defendant ever contracted to make a deed to the plaintiff; hence no decree can be had compelling him so to do. Nor will the allegations entitle her to recover possession of the land, as was also prayed; for the reason that the petition affirmatively discloses that the legal title is in the defendant, and she must first cancel his title, or allege facts which would imply a trust in him for her benefit. If we treat this prayer in connection with that for general relief as the equivalent of a prayer for impressing an implied trust upon the land, then we shall inquire whether the allegations of the petition entitle the plaintiff to this relief.

"Whenever the circumstances are such that the person taking the legal estate, either from fraud or otherwise, can not enjoy the beneficial interest without violating some established principle of equity, the court will declare him a trustee for the person beneficially entitled, if such person has not waived his right by subsequent ratification or long acquiescence." Civil Code, §3196. It appearing that the defendant used his own money in paying for the land, and that there was no attempt to create a trust, a trust can not be implied, unless the relation of the parties or the conduct of the defendant as alleged in the petition makes such a case

of fraud as that equity will imply a trust. Civil Code, §3159. It is alleged that Carr was the plaintiff's duly constituted and appointed agent to rent, collect the rent, pay the taxes, keep the property in repair, and otherwise care for the same. No contention is made that the defendant was to represent the plaintiff in any matter connected with the sale of her land under the power exercised by the grantee in the security deed. The relation of principal and agent was confined to the care and management of the land. The defendant was not relied upon by the plaintiff for any assistance in looking after the sale of her property by her creditor under her power of sale. He had the same privilege of purchasing the land as any other person. The conduct of the plaintiff impliedly admits this, from her allowing the defendant to purchase the land in his own name and move thereon, and remain in possession without molestation or complaint for nearly ten years before bringing her suit. Indeed the petition does not allege that the purchase by the defendant was fraudulent because he stood in such fiduciary relation to the plaintiff that he would have no right to purchase the land for himself. If the defendant occupied such a trust relation to the plaintiff that his purchase would inure to her benefit, she would hardly have kept quiet during all these years that the defendant was in possession of the land under the purchase with her knowledge. We therefore must treat the defendant as having the same right to purchase the land, under the circumstances alleged in the petition, as any other member of the general public.

We recognize the equitable principle that the owner of property sold at auction under a power of sale in a security deed has a right to come into equity for relief, when it appears that a purchaser made untrue representations whereby other persons were prevented from bidding, and by which the property was obtained at an undervalue. Bispham, Equity, §210. Perhaps in every case of this kind the landowner who is injured by the purchaser's fraud may repudiate the sale and invoke the equitable remedy of cancellation. In other cases, where there exists a trust relation between the owner and the purchaser; or the purchaser assumes to act for the benefit of the owner, and thus fraudulently prevents the owner from bidding (*Rives* v. *Lawrence*, 41 *Ga.* 288); or the purchaser uses the money or property of the owner in pay-

ing for the land (*Williams* v. *Turner*, 7 *Ga.* 348), the owner may at his election disaffirm the sale, or treat the purchaser as his trustee, and impress a constructive trust upon the land for his benefit. But a trust will not be implied where a purchaser sustained no vicarious or confidential relation to the owner of the land, nor by his conduct in the purchase of the land created such relation, and used his own money in the purchase of the land. We are not deciding whether the acts done are sufficient to cancel the defendant's deed on the ground of fraud; but on the assumption that such acts are fraudulent and sufficient to avoid the defendant's title, we hold that they do not constitute the defendant a trustee ex maleficio. If he is not liable as a trustee, then the owner can not recover the land without canceling his title, which is not sought to be done in this proceeding. Having reached this conclusion, it is not necessary to pass on the question of the plaintiff's laches, raised by the demurrer.

> *Judgment reversed. All the Justices concur.*