## DOWLING *v.* DOYLE.

1. Where a suit by a married woman for specific performance of a contract to convey land is pending, and the defendant in that suit sues out a warrant to evict the plaintiff's husband (with whom the plaintiff resides) as a tenant holding over, injunction will issue, at the instance of the plaintiff in the suit for specific performance, to restrain the execution of the warrant, if it appear that the suit for specific performance is prosecuted in good faith and is well founded.

2. A plaintiff in execution who, at the instance of the defendant in execution in possession of land under a deed, bids off the land at a sheriff's sale, under a parol agreement with the defendant that he will buy in the land and take the sheriff's conveyance to himself for the benefit of the defendant and allow the defendant to redeem the land upon the payment of the judgment (the value of the land exceeding the amount

of the judgment), and who, while the bidding is in progress, discourages bidding by others by stating that he is bidding in behalf of the defendant, holds as trustee for the latter such title as he derives from the sheriff, and, on being paid or tendered in due time the amount of the judgment with interest, may be compelled by decree to convey the premises to the defendant in execution by release or quitclaim deed.

(a) Whether the contract be such as is provable by parol or is required by the statute of frauds to be in writing, it must be certain and unequivocal in all its essential terms either within itself or by reference to some other agreement or matter, or it can not be specifically enforced. The certainty required must extend to all the particulars essential to the enforcement of the contract.

(b) Under the facts in this record, the contract which the plaintiff sought to have specifically performed was certain and definite in all the particulars essential to its enforcement. The refusal of the interlocutory injunction prayed, upon the ground that the contract, "not being in writing, is too indefinite to be enforcible," was error.

No. 1467. JANUARY 17, 1920.

Petition for injunction. Before Judge Thomas. Colquitt superior court. May 17, 1919.

J. L. Dowling was the owner of a certain tract of land in the City of Moultrie, purchased by him at a cost of $650. He contracted with E. S. Nace to construct a dwelling thereon. He paid $500 on the contract price, and placed other improvements upon the property at a cost to him of $800. On the completion of the building he borrowed from an insurance company the sum of $1500, securing the loan by a deed to the premises. The $1500 so borrowed was also paid to the contractor. He still owed the contractor approximately $800, and to secure this balance he executed a second lien upon the premises. In November, 1916, J. L. Dowling conveyed the premises to his wife, Mrs. M. E. Dowling. The conveyance was made subject to the liens aforesaid. J. L. Dowling failed to pay Mr. Nace or the insurance company. In December, 1916, Nace paid to the insurance company the money due it, and caused a transfer of its lien to be made to him. He thereupon instituted separate suits against J. L. Dowling, and recovered separate judgments against him, with special liens upon the land. In May, 1917, the fi. fas. issued from these judgments were levied upon the property. Before the sale of it on the first Tuesday in June, 1917, Nace and Mrs. Dowling, the latter acting through her husband, entered into an agreement by the terms of which Nace was to buy in the property at the sheriff's sale at the lowest possible figure (thereby saving commissions on the sale), for the benefit

of Mrs. Dowling, and she was to redeem the property by paying the amount of the fi. fas. She was to continue to occupy the property as a home, and to pay Nace a monthly rental of $30, which rental was to be accepted by Nace in lieu of interest and all taxes and insurance paid by him on the property to the date of its redemption by Mrs. Dowling, and so long as she paid the monthly rental promptly she was to have the right to occupy the house and the right to redeem the property upon the terms stated. As a result of the agreement, Nace bought the property for $500. Mrs. Dowling, with her husband, occupied the dwelling and paid the stipulated monthly rental according to the agreement. Mr. Nace entered into the agreement in good faith, and at all times recognized its validity. In October, 1918, Mr. Dowling entered the military service, but before doing so Mr. Nace agreed to protect the interest of Mrs. Dowling and to allow her to pay the money on the return of her husband. Mr. Nace died in November, 1918, and the agreement at the time of his death was in full force and effect. Thereafter his property, consisting largely of real estate, was, by consent of his administrator, partitioned in kind by his heirs at law, there being no debts and no necessity for the sale of the realty. Mrs. May Nace Doyle, one of the heirs at law of E. S. Nace, received in the division the house and lot in question. Before the partition of the realty, Mrs. Doyle was fully advised of the contract between Nace and Mrs. Dowling. She recognized and ratified the agreement, and accepted from Mrs. Dowling the monthly rental as stipulated until Mrs. Dowling had procured the full amount due upon the two fi. fas. against J. L. Dowling, her husband, and had tendered the same to her. The tender was unqualified and unconditional. Nevertheless Mrs. Doyle refused to accept the money and repudiated the agreement. Whereupon Mrs. Dowling filed her petition against Mrs. Doyle, for specific performance of the contract, therein continuing the tender. Subsequently Mrs. Doyle filed an affidavit before a notary public and ex-officio justice of the peace, in which she alleged that J. L. Dowling was her tenant and that he was holding over and beyond his term. Upon this affidavit a warrant was issued to evict J. L. Dowling from the premises. Thereupon Mrs. Dowling filed the present equitable petition, alleging in substance the facts above set forth, and praying that the eviction warrant be enjoined. The

defendant demurred and answered.  In her answer she admitted the making of the contract substantially as set forth in the petition and notice thereof before the division of the realty, except in the following particulars:  The property was to be redeemed within six months after the sale of it by the sheriff; and upon failure to redeem, the fi. fas. against J. L. Dowling were to be canceled of record, and neither J. L. Dowling nor his wife was to have any further interest in the property or any further right under the contract.  She further alleged that in August, 1917, more than a year after the sheriff's sale, Mr. Dowling advised Mr. Nace that he could not and would not redeem the property, and demanded a cancellation of the fi. fas.  Mr. Nace thereupon ordered the cancellation of the fi. fas., and they were canceled before Nace's death.  The defendant further pleaded that Mrs. Dowling had attempted to purchase the property from the defendant since the death of Mr. Nace, and had otherwise recognized the defendant's absolute title thereto.  The evidence on behalf of the plaintiff and the defendant at the interlocutory hearing tended to sustain the allegations of the parties respectively.  The judge who heard the cause rendered the following judgment: "Upon consideration of this case which has been duly submitted, it appearing to the court that the contract relied upon by the plaintiff, not being in writing, is too indefinite to be enforcible, the restraining order heretofore granted is hereby dissolved."  Mrs. Dowling excepted.

*Erle B. Askew* and *J. R. Pottle,* for plaintiff.

*Parker & Gibson,* for defendant.

GEORGE, J.  (After stating the foregoing facts.)  As a general rule, injunction will not issue to restrain a landlord who has sued out a dispossessory warrant against a tenant alleged to be holding over beyond his term, upon the ground that the tenant has a good defense to the warrant, of which he is unable to avail himself by filing a counter-affidavit, because, by reason of his poverty, he can not give the bond which the statute requires in connection with such affidavit.  *Hall* v. *Holmes,* 42 *Ga.* 179; *Huff* v. *Markham,* 70 *Ga.* 284; *Brown* v. *Watson,* 115 *Ga.* 592 (41 S. E. 998).  The general rule does not apply in this case.  Mrs. Dowling was in the actual possession of the land.  She claimed title thereto.  Her suit for specific performance was pending at the time the defendant in that suit instituted eviction proceedings against Mr. Dowling.

The warrant to evict, if executed, will have the effect to dispossess Mrs. Dowling, the plaintiff in the specific-performance suit. In such circumstances injunction should issue if it appears that the suit for specific performance is in good faith and is apparently based on good grounds. *Pace* v. *Neely,* 113 *Ga.* 901 (39 S. E. 420).

Before considering the merits of the suit for the specifio performance of the contract, two preliminary matters require notice. The agent and attorney representing Mrs. Dowling was permitted to testify to transactions with the deceased Nace. Counsel for the defendant in error contends that this evidence was illegally received and considered, and cites the case of *Kramer* v. *Spradlin,* 148 *Ga.* 805 (98 S. E. 487). In that case it was held that a legatee was an "assignee" of the testator, within the meaning of the Civil Code, § 5858. Mr. Nace made no will. There was administration upon his estate. There being no debts, the administrator consented to a division of the realty by the heirs. The administrator was not a party to the suit. It appears that the evidence was admitted without objection. No question, therefore, is presented for decision here. See, however, *Oliver* v. *Powell,* 114 *Ga.* 592 (40 S. E. 826). It is urged that the evidence, being illegal, should not be considered, although not objected to in the court below. This court has heretofore suggested that evidence illegally admitted without objection may be considered by the court if the evidence has probative value. If the evidence has no probative value, as for instance if it is purely hearsay, the court should not consider it, although admitted without objection, for the obvious reason that it proves nothing. The second matter to which attention is directed is the order of the court. Had the judge put his refusal of the interlocutory injunction on the facts which were controverted, or had he denied the injunction generally, the case would fall within the general rule that the discretion of the judge in granting or refusing interlocutory relief upon disputed issues of fact will not be controlled, unless manifestly abused. However, the judgment itself clearly discloses that the judge did not exercise a discretion. The judge found that the contract, "not being in writing, is too indefinite to be enforcible." Unless this conclusion—in final analysis a legal conclusion—is justified, the judgment refusing an interlocutory injunction should be reversed. *Head* v. *Bridges,* 72 *Ga.* 30 (2); *Spires* v. *Wright,* 147 *Ga.* 633

(2) (95 S. E. 232). The contract was in parol. The making of the contract and the terms thereof, except in the particulars noted in the statement of facts, were admitted by the defendant. The evidence clearly discloses that Mrs. Dowling was the owner of an equity of considerable value in the house and lot levied upon, and that she had arranged to have the property bid in by a third party for her benefit at the sheriff's sale. At this juncture Mr. Nace entered with Mrs. Dowling into the parol contract which she seeks to have specifically enforced. At the sale third parties submitted bids. They were advised of the agreement by Mr. Nace, and, being so advised, withdrew their bids. The validity of the contract, though in parol, is scarcely open to question. In *Collins* v. *Williamson,* 94 *Ga.* 635 (21 S. E. 140), it was held: "One who, at the instance of a vendee of land who was in possession under a bond for titles with none of the purchase-money paid, bid off the land at a sheriff's sale, under a parol agreement with the vendee, the defendant in execution, that he would buy in the land, advance the money, and take the sheriff's conveyance to himself for the benefit of such vendee, and who, while the bidding was in progress, discouraged bidding by another by stating that he was bidding in behalf of the vendee, holds as trustee for the latter such title as he derived from the sheriff, and on being paid or tendered in due time the amount of his bid and all other money advanced by him in consequence of his purchase, with interest thereon, may be compelled by decree to convey the premises to said vendee by release or quitclaim deed." See also *Chastain* v. *Smith,* 30 *Ga.* 96; *Rives* v. *Lawrence,* 41 *Ga.* 283; *Gordon* v. *Spellman,* 145 *Ga.* 682 (89 S. E. 749, Ann. Cas. 1918A, 852).

According to the undisputed evidence in this case, the property was worth approximately $4500. The amount of the judgments, principal and interest, was approximately $2800. Mr. Nace bought the property for only $500. Mrs. Dowling's position is therefore somewhat similar to that of a purchaser under a parol contract, in actual possession, with a considerable portion of the purchase-money paid. But for the agreement the property might have been purchased at the sheriff's sale by Mrs. Dowling, or some one for her, and her equity therein preserved. Had not bidders been deterred, the property presumably would have brought its full value, and Mrs. Dowling would have received the proceeds after

the payment of the fi. fas. It would, therefore, be inequitable to hold that Mrs. Dowling is not entitled to specific performance of the contract, upon the ground that the contract was not in writing. But, as we have already seen, the defendant admits the contract, and the only controversy is with respect to the time in which Mrs. Dowling had the right to redeem the property. We recognize the rule that whether the contract be such as is provable by parol or is required by the statute of frauds to be in writing, it must be certain and unequivocal in all its essential terms, either within itself or by reference to some other agreement or matter, or it can not be specifically enforced. *Miller* v. *Cotten,* 5 *Ga.* 341 (4); 2 Story's Eq. Jur. § 1053; Pomeroy on Contracts, § 159 et seq. It is generally said that the amount of certainty required in the specific performance of a contract is greater than that in an action for damages at law. "For, to sustain the latter proceeding, the proposition required is the negative one, that the defendant has not performed the contract,—a conclusion which may be often arrived at without any exact consideration of the terms of the contract; whilst in proceedings for specific performance it must appear, not only that the contract has not been performed, but what is the contract which is to be performed." Fry on Spec. Perf. § 380. It has been pointed out that it would perhaps be more accurate to say that the difference between the two classes of cases is not in the amount or degree of the certainty required, but in the extent of the certainty. It is, however, established that the certainty required must extend to all the particulars essential to the enforcement of the contract. It is essential that the contract be certain and definite as to the promise or engagement, as to the parties to whom the conveyance is to be made, as to the description of the subject-matter, as to the consideration of the contract, and as to the time and mode of performance. According to the undisputed evidence, the contract between Mrs. Dowling and Mr. Nace was certain and definite as to the agreement to convey, as to the consideration to be paid by Mrs. Dowling, as to the party to whom the consideration should be paid, to whom the conveyance should be made, and as to the description of the property to be conveyed. Nor do we think there is such uncertainty as to the time of performance as to defeat the right of the plaintiff to the relief sought. In all cases like

the present, "the certainty required must be a reasonable one, having regard to the subject-matter of the contract, and the circumstances under which and with regard to which it was entered into." Fry, Spec. Perf. § 380, and cases cited in note. According to the evidence for the plaintiff, no specific time was at first fixed in which she should pay the fi. fas. and redeem the property, but she should have the right to occupy the house and the right to redeem so long as she continued to pay the agreed monthly rental. When Mr. Dowling decided to enter the military service it was agreed that Mrs. Dowling should have until the discharge of her husband from the military service, and until his return, in which to pay the judgments. Moreover, the evidence for the plaintiff tended to show that Mr. Nace at all times recognized the validity of the contract, and that the defendant likewise recognized its validity and never repudiated it until actual tender made. According to the evidence for the defendant, Mrs. Dowling had the right under the contract to redeem the property within six months from the date of the sheriff's sale, and at no time thereafter. While there is a clear conflict in the evidence, there is no uncertainty as to the time in the evidence offered by either party. If Mr. Nace agreed to allow Mrs. Dowling to redeem the property at any time while she remained in possession, by the payment of the stipulated monthly rental, which was to cover interest, taxes, and insurance, and, while the agreement was still of force, consented to an extension of time until the happening of a definite event (the discharge of Mr. Dowling from the military service and his return home), the contract is not wanting in certainty as to the time of performance. If time were of the essence of the contract (but in this case, according to the plaintiff's evidence, the failure to redeem was taken care of by a fixed monthly payment to cover interest), it would be within the power of the parties to waive that condition. The case for the plaintiff is even stronger. She alleges (and her evidence tended to support the allegation) that she tendered unconditionally the full amount of the fi. fas. before the defendant attempted to repudiate the contract. From the foregoing it follows that the judgment refusing an interlocutory injunction upon the ground stated by the judge must be reversed.

*Judgment reversed. All the Justices concur.*