COLCLOUGH *v.* BANK OF PENFIELD *et al.*

FISH, C. J. 1. If the fears or affections of a father for his son are wrought upon by threats of a criminal prosecution of the son, and the father is thereby induced and coerced, against his will, to execute his promissory note and a security deed to land in order to prevent such threatened prosecution, there is duress as to the father, even though the threatened prosecution be for a crime which has been committed by the son; and such instruments are void, and may be cancelled in a proper proceeding at the instance of the maker. In such a case the rule does not apply that if parties voluntarily enter into a contract to suppress a criminal prosecution they are in pari delicto, and neither a court of

law nor equity will interpose to give relief to either party. Civil Code, §§ 4116, 4255; *Jordan* v. *Beecher*, 143 *Ga.* 143 (84 S. E. 549, L. R. A. 1915D, 1122); *Hodges* v. *Citizens Bank of Sylvania*, 146 *Ga.* 624 (92 S. E. 49); Williamson-Halsell-Frazier Co. *v.* Ackerman, 77 Kan. 502 (94 Pac. 807, 20 L. R. A. (N. S.) 484).

2. In an action against a bank and another for cancellation of deeds, setting aside a judgment, injunction, and other relief, the petition, among other allegations, set forth in substance that the petitioner was induced and coerced contrary to his will, by such duress as referred to in the preceding note, brought to bear upon him by the president of the defendant bank, to execute to it his promissory note and a security deed to land, in order to secure the payment by petitioner of an alleged defalcation of funds of the bank by petitioner's son; that upon failure to pay the note at maturity suit was brought thereon by the bank, and judgment rendered against petitioner by default, he being then deterred, by such duress again brought to bear upon him by the bank's president, from defending the suit; that the land conveyed by the security deed to the bank was afterwards sold at sheriff's sale under an execution issued upon such judgment, and purchased by the bank for a specified inconsiderable sum; that such duress was again brought to bear upon petitioner for the purpose of preventing him from taking any steps to stop such sale, and that he was deterred by such duress from in any way objecting thereto. On an interlocutory hearing evidence was submitted by petitioner tending to support such allegations. In refusing to grant an ad interim injunction the judge's order states: "Under the allegations of the petition, the evidence, and the law applicable in said case, the plaintiff would be estopped from going behind the judgment that was rendered in said case, which judgment is described in the pleadings. Under section 5965 of the Civil Code of 1910, and the authorities under said section in Park's Annotated Code, said judgment would debar the plaintiff from setting up any defense which could have been made to the suit on said note, and said judgment under the law was binding on the plaintiff." *Held*:

(*a*) Under the pleadings and the evidence, the authority cited does not sustain the refusal of an interlocutory injunction on the sole ground upon which the refusal was based. "The judgment of a court of competent jurisdiction may be set aside by a decree in chancery, for fraud, accident, or mistake, or the acts of the adverse party unmixed with the negligence or fault of the complainant." Civil Code, § 5965. The evidence for the petitioner, if true, showed that the judgment sought to be set aside was obtained by such duress as amounted to a species of fraud (9 R. C. L. 711, 727, 728), and by "the acts of the adverse party, unmixed with the negligence or fault of the complainant." "Fraud will authorize a court of equity to annul conveyances, however solemnly executed, and to relieve against awards, judgments, and decrees obtained by imposition." Civil Code, § 4629. According to the petitioner's evidence, his note and security deed, the judgment against him, and the sale of his land were all obtained or procured by fraud and imposition.

(*b*) As the refusal of the ad interim injunction was expressly based on the ground that the plaintiff was' concluded by the judgment against him, it can not be held that such ruling of the judge should be affirmed because the evidence was conflicting. The judge did not exercise his discretion in refusing the interlocutory injunction on conflicting evidence. *Spires* v. *Wright*, 147 *Ga.* 633 (95 S. E. 262) ; *Dowling* v. *Doyle*, 149 *Ga.* 727 (102 S. E. 27, 29).

(*c*) The hearing was preliminary and before the appearance term, and so no rulings were made on the demurrers.

(*d*) As there must be a reversal, the judge will decide on another hearing whether an ad interim injunction should be granted.

*Judgment reversed. All the Justices concur, except Beck, P. J., and George, J., dissenting.*

No. 1582. JUNE 19, 1920.

Equitable petition. Before Judge Park. Greene superior court. June 28, 1919.

*McWhorter & McWhorter* and *Fortson & Bradwell,* for plaintiff in error.

*John S. Callaway* and *Davison & Lewis,* contra.