### 13575. EPPS *et al.* v. ANDERSON.

</div>

BROYLES, C. J. 1. As an embezzler of the funds of a bank is under a legal and moral obligation to return what he has wrongfully taken, an agreement by the offender or by some one else in his behalf to pay the value of the money feloniously taken, whether made before or after the commencement of a criminal prosecution therefor, is valid, unless there was an express or implied agreement or understanding that the guilty person should not be prosecuted for his crime. But where an understanding that he is not to be prosecuted exists, the agreement to pay is invalid, and where a promissory note is executed in pursuance of such an agreement, and the sole consideration of the note is the understanding or agreement not to prosecute, the note is void. *Chandler* v. *Johnson,* 39 *Ga.* 85 (3); *Rhodes* v. *Neal,* 64 *Ga.* 704 (37 Am. R. 93); *Frick* v. *Moore,* 82 *Ga.* 159 (2) (8 S. E. 80); *Small* v. *Williams,* 87 *Ga.* 681 (5), 686 (13 S. E. 589); *Jones* v. *Dannenberg Co.,* 112 *Ga.* 426 (37 S. E. 729, 52 L. R. A. 271); *McConnell* v. *Cherokee National Bank,* 18 *Ga. App.* 52 (1, 2) (88 S. E. 824).

2. The question as to whether the sole consideration of a note sued on was an agreement to suppress a threatened prosecution is purely a question of fact for the jury, under appropriate instructions from the court. *McConnell* v. *Cherokee National Bank,* supra; *Third National Bank of Fitzgerald* v. *Baker,* 19 *Ga. App.* 208 (2) (91 S. E. 346).

3. Where the fears or the affections of a father for his son are wrought upon by threats of a criminal prosecution of the son, and the father is thereby induced and coerced against his will to execute his promissory note in order to prevent such threatened prosecution, there is duress as to the father in the execution of the note, even though the threatened prosecution be for a crime which has been committed by the son; and such a note is void. *Colclough* v. *Bank of Penfield,* 150 *Ga.* 316 (103 S. E. 489), and authorities cited; Id. 318. This is true although the prosecution may not have been commenced or any warrant issued for the offender. Civil Code (1910), § 4255; *Colclough* v. *Bank of Penfield,* supra; International Harvester Co. *v.* Voboril, 187 Fed. 973

(110 C. C. A. 311); 9 R. C. L. 717, 718, 719. If there was any contrary holding in *Bond* v. *Kidd*, 1 *Ga. App.* 798 (57 S. E. 944), or in *Bond* v. *Kidd*, 122 *Ga.* 812 (50 S. E. 934), it was mere obiter dictum and is not binding upon this court.

(*a*) Whether the father was so wrought upon by threats of a criminal prosecution of his son that he was thereby induced and coerced against his will to execute his promissory note for the purpose of preventing such threatened prosecution is a question of fact to be determined by the jury.

4. Under the above rulings and the pleadings in the instant case, the court erred in striking subdivisions " b " and " c " of the answer as amended, as being insufficient in law; and this error rendered the further proceedings in the case nugatory.

              *Judgment reversed. Luke and Bloodworth, JJ., concur.*

              DECIDED JULY 11, 1922.

Complaint; from Newton superior court — Judge Hutcheson. March 31, 1922.

*King & Johnson, Greene F. Johnson,* for plaintiff in error.
*Rogers & Tuck, Loyd & Thurman,* contra.