HILLARD DONOHO, sometimes known as Harry Donoho,

*vs.*

WILLIAM F. CARVEL.

*New Castle, July* 27, 1927.

*Robert Adair*, for complainant.

*James H. Hughes, Jr.* of the firm of Marvel, Layton, Hughes & Morford, for defendant.

THE CHANCELLOR. The so-called trespasses here complained of appear to be acts done by the defendant in an effort to collect a sum claimed to be due him from the complainant as rent in arrears. These acts consist of entering upon the premises by a bailiff to distrain for rent and of moving personal property of the complainant or of others onto the premises, unknown to the complainant, in order to find property there available for distraint. The bill alleges that no rent was due when the distress was made. In addition to the allegations of trespass in connection with the alleged attempt at illegal distraint, the bill charges generally that the defendant has trespassed upon the premises in question and thereby harassed and annoyed the complainant in his business. This general charge of trespassing is not accompanied by allegations showing the specific nature of the trespasses or indicating the precise nature of the injury claimed to have been done thereby.

As to that phase of the cause of complaint which deals with alleged trespasses in connection with the attempt by the defendant to collect by distress proceedings the rent claimed by him to be due, I do not see why the law cannot afford the complainant a full and complete remedy. Anything, so far as appears, which the complainant could advance in this court in defeat of the defendant's right to collect the rent claimed by him, could be as fully and completely pursued under the remedies which law courts afford in such cases.

As to that phase of the cause which deals with the allegation of trespasses in language of general import, it is sufficient to say that the bill is defective, for unless the trespass complained of is of such aggravated nature as to create a case where the injury is irreparable and the law is inadequate for its compensation, equity will not interfere. *Nebeker, et al., v. Berg, et al.*, 13 *Del. Ch.* 6, 115 *A.* 310. Failing to show trespasses of this character, the bill fails to show a cause properly cognizable in this court.

There is also a prayer for an accounting. If this is merely of relief incidental to the principal one growing out of the alleged trespasses, it of course has no more merit than that to which it is appendant. If it is inserted in the bill as having independent jurisdictional merit of its own, then it is sufficient to say that no facts are shown which bring the right to an accounting within any of the

instances which equity recognizes as proper for its cognizance. 4 *Pomeroy's Equity Jurisprudence*, (*4th Ed.*) § 1421. So far as appears, the accounting asked for here may present nothing more than a simple case of set-off , or may amount in the end to nothing more than the case of a sum owed and payment in full, in excess or on account thereof.

The demurrer will be sustained.