THE OLD TIME PETROLEUM COMPANY, a corporation
of the State of Delaware,

*vs.*

BATTISTA TURCOL and JENNIE TURCOL, his wife.

*New Castle, Jan.* 28, 1931.

*William S. Potter*, of the firm of Ward & Gray, for complainant.

*William S. Prickett*, for defendants.

THE CHANCELLOR. The solicitor for the defendants takes the position that the injunction should not issue because if there was no forfeiture as claimed by the complainant, that fact will constitute a defense at law and may be effectually shown to defeat the action in the Court of Common Pleas. It is quite true that equity will not interpose its injunctive relief against proceedings at law when the complainant, the defendant in the law action, relies solely upon matters that constitute an adequate defense at law, for the manifest reason that in such case the law affords an adequate remedy. *Donoho v. Carvel*, 15 *Del. Ch.* 379, 138 *A.* 630.

The pending bill, however, does not rest for its equity solely on the proposition that under the terms of the lease, the rent is not made payable in advance, the contrary of which proposition lies at the bottom of the defendant's legal contentions. The complainant relies further on the contention that, under the facts shown as to the conduct of the parties extending over a period of a year or more during which rent was paid and accepted after each month had run, together with the serious consequences to the complainant which would ensue in case the forfeiture is declared and the option lost, it would be highly inequitable, even if a strict legal forfeiture were conceded as contended for by the defendants, to visit its penalties upon the complainant. Thus a purely equitable defense against the alleged forfeiture is set up.

Furthermore, the chief purpose which the bill pursues is to establish the right to enjoy the full benefit of an equitable title by way of a decree for specific performance of the contract. The

bill is to be regarded as one of this nature. It is not to be regarded as one simply to relieve against a forfeiture. Conceding that the complainant could defeat the action in the Court of Common Pleas, it could not obtain in that court the full and complete relief to which it would be entitled, viz., a decree for specific performance.

On two grounds I think the injunction should issue. The first is, that the complainant is entitled to have the question of forfeiture decided not alone upon the strict letter of the contract (as to which the parties raise a controversy), but as well upon the broad principles of equity which govern the subject of relief against forfeitures. The complainant shows enough to warrant the keeping of the situation in *statu quo* pending an opportunity for it to defend against a legal forfeiture on equitable grounds.

The second ground is, that the bill, being one for specific performance of a contract for the sale of lands, presents a purely equitable controversy for the decision of which the exclusive jurisdiction of this court is unquestioned. The complainant is entitled in one suit, not alone to try out the question of the forfeiture and, if found against him, to set up his right in equity to be relieved against it, but as well to seek to secure the full measure of relief by way of specific performance which his bill principally seeks, and which no defense known to the law court is ample to afford him. See 4 *Pomeroy's Equity Jurisprudence*, (*4th Ed.*) § 1362; *Dowling v. Doyle*, 149 *Ga.* 727, 102 *S. E.* 27.

Let an order be prepared accordingly.

NOTE.—For opinion after final hearing see 18 *Del. Ch.*, 156 *A.* 501.