## HOLBROOK *v.* DICKSON.

BELL, Presiding Justice. 1. "Powers of sale in deeds of trust, mortgages, and other instruments shall be strictly construed and shall be fairly exercised." Code, § 37-607.

2. "An owner of land sold at public auction under a power of sale in a security deed has a right to come into equity whenever it appears that the purchaser made untrue representations whereby other persons were prevented from bidding, and by which the land was obtained at an undervalue." *Carr* v. *Graham,* 128 *Ga.* 622 (57 S. E. 875); *Bracewell* v. *Coleman,* 191 *Ga.* 35 (11 S. E. 2d, 198); *Graham* v. *Theis,* 47 *Ga.* 479 (3); *Williams* v. *Moore,* 68 *Ga.* 585 (4); *Barnes* v. *Mays,* 88 *Ga.* 696 (16 S. E. 67); *Thompson* v. *Thompson,* 157 *Ga.* 377 (3) (121 S. E. 225).

3. While the petition may not have shown a sufficiently definite agreement for redemption of the property after sale under the power, yet the allegations, that a few days before the sale the defendant assured

petitioner "that he need have no fears respecting the fact of said contemplated sale, and that even if [the property was] sold by him under said power of sale he would not let that interfere with carrying out said agreement," that "petitioner relied on said agreement and did not attend said sale," when except for the defendant's assurance "he would have attended said sale and made said property bring a much greater price," and that "said agreement of defendant was made for the purpose of deterring bidders from said sale in order that defendant might purchase the property without competitive bids and retain the same at a considerable profit to himself, and had that effect," when considered with other averments tending to show intention to mislead the plaintiff and obtain the land at an undervalue, were sufficient to bring the case within the principle quoted in the preceding note, and, in connection with the tender alleged, to state a cause of action for annuling the sale, as against a mere general demurrer. The plaintiff pleaded the agreement merely for the purpose of showing that the power of sale was not fairly exercised, and of having the sale annuled, and did not seek specific performance, as was done in Dowling v. Doyle, 149 Ga. 727 (102 S. E. 27), and Broadwell v. Smith, 152 Ga. 161 (108 S. E. 609). Nor did either of these cases involve the question of bad faith.

4. There was no merit in other attacks upon the sale made by the defendant under the power of sale.

5. Under the rulings stated above, the judge erred in dismissing the petition on general demurrer.

*Judgment reversed. All the Justices concur, except Duckworth, J., who dissents.*

No. 14430. APRIL 15, 1943. ADHERED TO ON REHEARING, MAY 8, 1943.

824

n/a

828

*Carl T. Hudgins,* for plaintiff.
*R. F. Duncan* and *Cobb & Cobb,* for defendant.