## MAYS *v.* PERRY.

No. 14599. October 7, 1943. Rehearing denied November 12, 1943.

*G. C. Anderson* and *Paul T. Chance,* for plaintiff.

*Lewis & Lewis,* for defendant.

WYATT, Justice. If Mays can prevail at all under the facts al-

leged in this petition, he must do so upon the theory that Perry by fraud, deceit, and breach of faith obtained title to the land in question, so as to create a constructive trust, sometimes referred to as a trust ex maleficio, in Perry as to the land. Otherwise an attempt is made to fasten upon the property an express trust upon a parol agreement, which is forbidden, as all express trusts must be in writing (Code, § 108-105); else they are not enforceable as such. *Bentley* v. *Young,* 147 *Ga.* 373 (94 S. E. 221); *Jones* v. *Robinson,* 172 *Ga.* 746 (3*b*) (158 S. E. 752); *Shaprio* v. *Steinberg,* 175 *Ga.* 869 (166 S. E. 767). A trust will be implied, "Where, from fraud, one person obtains title to property which rightfully belongs to another." Code, § 108-106 (2). And "Whenever the circumstances are such that the person taking the legal estate, either from fraud or otherwise, cannot enjoy the beneficial interest without violating some established principle of equity, the court will declare him a trustee for the person technically entitled, if such person shall not have waived his right by subsequent ratification or long acquiescence." § 108-107. The statute of frauds is inoperative as a protection and support of fraud (*Cameron* v. *Ward,* 8 *Ga.* 245, 248), and equity will declare a constructive trust in respect of property acquired by fraudulent oral promises of a vendee, which he intends at the time of making to violate. *Brown* v. *Doane,* 86 *Ga.* 32 (12 S. E. 179, 11 L. R. A. 381); *Jenkins* v. *Lane,* 154 *Ga.* 454 (115 S. E. 126). With the foregoing announced principles in mind, the agreement whereby Perry was to acquire title to the land for a nominal amount, through the exercise of the power of sale in the security deed, will be considered for the purpose of determining the existence of fraud. Under the terms of the agreement Perry was to exercise the power of sale in the security deed and bid in the property for some nominal amount, in order to get full and complete title in himself, so that he could effect a private sale to a prospective purchaser who was willing to pay a fair market price therefor; the sale was to be made for the benefit of Mays, his creditors, and Perry, who was a creditor of Mays to the extent of the balance due on the note and security deed. Mays agreed not to attend the sale, or bid against the defendant at the sale, or have any one else to do so. He entered into the agreement because of his implicit confidence in Perry, and believed that he was acting in good faith. This comprises the entire agreement as to the man-

ner in which the power of sale was to be exercised. It was then alleged that Perry, pursuant to the agreement, advertised the land under the power in the security deed, bid off the same, and caused a deed to be made to himself, which recited a consideration of $675. The defendant failed to make the contemplated sale after acquiring the full and complete title, and the plaintiff now calls on the court to give effect to the oral agreement, although it is not alleged that the plaintiff did not attend the sale, or did not bid against the defendant, or did prevent any one else from so doing. It is not alleged that the plaintiff, although agreeing to the arrangement, acted thereon, or was caused thereby to perform any act, or was prompted to any forbearance or non-action, by which Perry was enabled to be the successful bidder at the sale.

While there is great disparty between the alleged value of the land of $7000 at the time of the sale and the amount of $675 at which it was bid off by Perry, there is nothing in the petition showing that the powers contained in the security deed were not fairly exercised. It was not averred that the defendant at the sale discouraged and suppressed the bidding by announcing that he was buying the property in behalf of the plaintiff, as was done in the cases of *Collins* v. *Williamson,* 94 *Ga.* 635 (21 S. E. 140); *Carr* v. *Graham,* 128 *Ga.* 622 (57 S. E. 875); *Dowling* v. *Doyle,* 149 *Ga.* 727 (102 S. E. 27); *Broadwell* v. *Smith,* 152 *Ga.* 161 (108 S. E. 609). Nor is it alleged that but for the agreement the property would not have been sold under the power, or that he would have otherwise protected his equity in the land. While it is averred that the defendant's acts and conduct from the beginning, and all of his statements and agreements with the plaintiff, were part of a fraudulent scheme and conspiracy on his part the purpose of which was to defraud the plaintiff and to obtain title to the property, the petition is lacking allegations of specific acts which could be characterized as fraudulent. It is not alleged that any statement made by Perry to Mays as to the existence of any fact was untrue. It is not averred that there was any misrepresentation of any fact. There is no averment that the original promise of Perry was made with the intention of breaking it. Inasmuch as the doctrine of trusts ex maleficio with respect to land can never be applied when there is nothing more than a broken verbal promise (otherwise the statute of frauds would be virtually abrogated), and since in order for such

a promise to be the basis of a constructive trust it must have been made with the intention of being broken and for the purpose of thereby obtaining title, a person who seeks relief on account thereof must unequivocally allege the particular facts constituting the fraud relied on to vitiate the transaction. *Jones* v. *Robinson,* 172 *Ga.* 746 (3 *c*), 759, supra. As heretofore stated, the petition contains only a charge of a broken promise on the part of the defendant, and does not show that the plaintiff was induced to forego the execution by himself of any design entertained by him for the prevention of the sale or a fair exercise of the power of sale. Viewing the petition as a whole, it must be held that in respect to this matter all it presents is a broken promise. There is not enough to justify a court of equity to grant relief. The case is not one that calls for the application of the principles stated in the Code, §§ 108-106 (2), 108-107, since the plaintiff failed by omitting from his petition the necessary elements of fraud to place the remedy without the statute of frauds. It is governed by the proposition that all express trusts shall be created or declared in writing. § 108-105. A provision of the statute of frauds is controlling: "Any contract for the sale of lands or an interest in or concerning them must be in writing." § 20-401 (4). See *Jarrett* v. *Wallace,* 98 *Ga.* 540 (25 S. E. 577); *Etheridge* v. *Woodard,* 106 *Ga.* 251 (32 S. E. 122); *Lyons* v. *Bass,* 108 *Ga.* 573 (34 S. E. 721); *De-Loach* v. *Jefferson,* 142 *Ga.* 436 (83 S. E. 122).

Other grounds of demurrer beside the one embracing the subject-matter of this opinion need not be considered, as the petition failed to allege a cause of action based on fraud. The judge properly sustained the demurrer.

*Judgment affirmed. All the Justices concur.*