30150. CLEVELAND v. CLEVELAND et al.

JORDAN, Justice.

Appellant brought an action against Joseph Cleveland and Robert Nicholson to set aside the deed to Joseph Cleveland made by Nicholson pursuant to a power of sale in a deed to secure debt. He alleged that the bidding at the sale was chilled and the price was inadequate because of certain statements made by Nicholson at the sale. He appeals from the denial of his motion for new trial and motion for judgment notwithstanding the verdict.

1, 2. The appellant enumerates as error the admission into evidence, over his objection of testimony of his character and religious beliefs, contending that the evidence was irrelevant and prejudicial.

Regarding the testimony of the appellant's religious persuasion the record reveals that the appellant earlier put related testimony into evidence. Appellant's subsequent objection was, therefore, properly overruled. *Montos v. State,* 212 Ga. 764, 768 (95 SE2d 792); *Henderson v. State,* 209 Ga. 72, 76 (70 SE2d 713).

Appellant further contends that testimony regarding the manner in which he cared for his children was irrelevant, placed his character into issue and should have been stricken by the trial court. During his case-in-chief, appellant's counsel called the appellee, and questioned him concerning his motivations in conducting the sale. During this line of questioning, appellant's counsel asked the witness if he conducted the sale in order that the son might acquire the property because he thought it was the right thing to do. The witness replied that the son had told him that appellant was not supporting his two minor children. Although the answer was indeed prejudicial, it was also responsive to the

appellant's line of questioning. Appellant's counsel was inquiring into reasons why the witness might prefer the son over his father, and received his reply. Appellant cannot now complain that the trial court failed to strike a responsive answer to a question he propounded. See *Knight v. State,* 148 Ga. 40 (95 SE 679) and *Shelton v. State,* 111 Ga. App. 351 (141 SE2d 776).

3. Appellant's third enumeration of error complains that the trial court erred in charging the jury that in order to prevail he must prove that appellees made misrepresentations at the sale. A close reading of the court's charge reveals that it was not limited to misrepresentations but includes "mistakes, misapprehensions, or other circumstances on the part of the purchaser at the sale or on the part of the person exercising the power of sale, which tend to bring about inadequacy in price. . ." This charge is in line with decisions of this court (*Croft v. Sorrell,* 151 Ga. 92, 96 (106 SE 108) and *Smith v. Ga. Loan &c. Co.,* 114 Ga. 189 (39 SE 846)), and is broad enough to include any actions by the party exercising the power of sale which might chill the bidding by deterring others from bidding.

4. Appellant contends that the trial court erred in stating to the jury that the sole issue was whether or not the power of sale was fairly exercised rather than whether appellees' actions chilled the sale. However, the trial disclosed no evidence of any actions of appellee Nicholson which would unjustly deter others from bidding. At the sale, Nicholson stated to the potential buyers that the interest to be sold was an undivided one, and therefore in order to take claim to one particular part the owner would have to petition the court for a partition. Such was a truthful and accurate description of the property to be sold, and would not chill the sale since any person inclined to attend and bid at the sale could ascertain from public records the true status of the property. See *West Lumber Co. v. Schnuck,* 204 Ga. 827, 835 (51 SE2d 644). Nicholson further stated at the sale that Joseph Cleveland, son of the mortgagor, was prepared to bid in a desire to keep the property in the family. He then explained that this should deter no one from bidding, that the sale was completely open. Neither statement involved misrepresentation or

fraud, nor were they suggesting that others not bid which are normally associated with a chilled sale. See *Bracewell v. Coleman,* 191 Ga. 35 (11 SE2d 198); *Broadwell v. Smith,* 152 Ga. 161 (108 SE 609); *Croft v. Sorrell,* supra; *Carr v. Graham,* 128 Ga. 622 (57 SE 875).

5. The evidence amply supports the verdict; appellant's motion for judgment notwithstanding the verdict was properly overruled.

*Judgment affirmed. All the Justices concur.*

ARGUED JULY 8, 1975 — DECIDED OCTOBER 16, 1975.

*Hudson & Montgomery, Jim Hudson,* for appellant.
*Rupert A. Brown, Joseph J. Gaines,* for appellees.